## 40373. DALTON v. THE STATE.

WELTNER, Justice.
Gene Perry Dalton was convicted of the murder of Billy Ray Allen by shooting him in the head with a shotgun. He was sentenced to life imprisonment.
In his two enumerations of error, Dalton complains that arresting and investigating officers failed to take fingerprints from the barrel of the shotgun, and that certain photographs of the deceased and of the crime scene, admitted initially without objection, were presented to the jury by slide projections, over objection of the defendant, and that such presentation was a duplication of evidence and inflammatory.
1. In his statement to arresting officers, and at the trial, Dalton testified that he and Allen were sitting in the front seat of a truck; that they decided to leave the vehicle; that Dalton reached behind the seat in order to remove his shotgun from the vehicle; that when he lifted it into the front seat, Allen seized the barrel, whereupon a scuffle ensued, and the weapon discharged, striking Allen in the head. He contends that a fingerprint examination of the barrel would have disclosed Allen's fingerprints thereon, and that the failure to preserve any such evidence has denied to him a fair trial under the Fifth and Fourteenth Amendments to the Constitution of the United States.
It is plain from reading the record that investigating officers made no search for fingerprints. Hence, this is not a case involving destruction of evidence. *Partain v. State,* 238 Ga. 207 (232 SE2d 46) (1977).
As the state is under no requirement to conduct an investigation on behalf of a defendant, this enumeration is without merit. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974).
2. The photographs having been admitted without objection it

is not error that the state was able to present them in such manner that the entire jury, at one time, might view them. Indeed, the use of overhead projectors in courtrooms presents a far more orderly opportunity to display matters under investigation than the traditional mode, which is either to hold up a single photograph before a jury (where but few jurors are close enough to see it), or to pass photographs from juror to juror while testimony is being taken, or to accumulate all photographs until the completion of testimony and introduce them *en gross* relying upon the jurors' ability to recall the testimony in connection with the numbered exhibits. Repetitiveness of evidence alone is not reversible error. *Mooney v. State,* 243 Ga. 373, 394 (254 SE2d 337) (1979). *Jones v. State,* 249 Ga. 605, 607 (2) (293 SE3d 708) (1982).

3. While defendant does not raise as a separate enumeration of error the sufficiency of the evidence, we observe that the evidence was sufficient under the standards of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It reflects that Dalton and Allen had been drinking alcoholic beverages since early morning, and that Dalton had accused Allen of taking certain money from him, and threatened on the day in question to shoot him, having threatened him four or five times in the past.

No weapons were found in the deceased's hand or in the area, and the gunshot wound to the victim was in the back portion of the right side of the head. Upon Dalton's arrest, a blood-alcohol test was accomplished, indicating .28 grams percent ethyl alcohol, consistent with a substantial degree of intoxication.

The jury, of course, was not required to believe Dalton's story, but could infer all of the elements of the crime of murder from the evidence before it. *Young v. State,* 251 Ga. 153 (303 SE2d 431) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1983.

*Michael R. Jones,* for appellant.

*John T. Strauss, District Attorney, John M. Ott, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.