## 43982. GRIFFIN v. THE STATE.
(356 SE2d 209)

Smith, Justice.

A Chatham County jury found the appellant, Michael Griffin, guilty of the murder of Christopher White and of the aggravated assault with intent to rob White and Ben Screen. He raises eight issues on appeal. We affirm.[1]

Screen and White planned to drive to River Street in Savannah on the night of December 21, 1984. On their way to River Street, they stopped in the Hitch Village housing project to relieve themselves behind a dumpster. Before they left Hitch Village, while in their car, they paused to talk to a group of men standing in the street.

After declining to make a drug purchase, White, the driver, began to slowly drive away from the group. Some of the men attempted to get into the car, and one of them fired a gun, wounding White. Screen and White drove to a nearby church where some of the same men robbed them. One of the men, however, did not participate in the robbery and helped White back into the car so that White could leave. White later died from internal bleeding caused by the gunshot wound.

Testimony at trial conflicted as to whether Griffin or Wayne Mungin shot White, and later helped White after he had been shot, or later robbed White and Screen. Griffin attempted to call Mungin as a witness at trial. When the prosecution stated that charges were still pending against Mungin and that an apparent plea bargain had been dropped, the trial court allowed Mungin to exercise his rights under

---

[1] The crime was committed on December 21, 1984. The Chatham County jury returned its verdict of guilty on December 4, 1985. A motion for new trial was filed December 27, 1985, and overruled on September 5, 1986. Notice of appeal was filed on September 5, 1986 and the transcript of evidence filed on October 13, 1986. The record was docketed in this Court on October 22, 1986. The case was argued on January 6, 1987.

the Fifth Amendment by refusing to testify in Griffin's case.

1. We find that the evidence at trial supports the jury verdict under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in denying the appellant's challenges to the array of the grand jury and the array of the traverse jury.

3. Griffin claims that a witness for the state impermissibly introduced evidence of Griffin's bad character by testifying as to the time at which Griffin became a "suspect" in the case. Though the testimony did cast an aspersion on Griffin's character, it was permissible for the same reason that the court allowed witnesses to testify that Griffin shot White. The testimony related to the specific crime for which the defendant was being tried. We find no error. *Davis v. State*, 249 Ga. 309, 310 (290 SE2d 273) (1982).

4. Prior to the trial in this case, Mungin was indicted for the armed robbery of Ronald Kauffman earlier on the night of December 21. Mungin was also charged for distribution of marijuana, and warrants were issued for him regarding the murder and armed robbery of White. Mungin reached an apparent plea agreement with the district attorney in which he pled guilty to distribution of marijuana and agreed to testify when asked in exchange for a promise by the prosecution to not prosecute him for the armed robbery of Kauffman. The prosecution later dismissed the murder and armed robbery warrants for Mungin relating to White's death.

Griffin gave notice that he intended to call Mungin as a witness at his trial in light of the plea agreement between Mungin and the prosecution. The prosecution denied that a valid plea agreement had been reached and informed the court, when Griffin attempted to call Mungin as a witness, that the warrants for Mungin relating to the murder and armed robbery of White were still pending.

a. Griffin asserts that in light of Mungin's immunity the trial court denied him the right to confrontation when it refused to force Mungin to testify. The proposed plea agreement between Mungin and the prosecution specifically related to the armed robbery of Kauffman and the charge of dealing marijuana. Thus, even assuming that the agreement was valid, the potential of indictment for the robbery of Screen and the murder of White still existed at the time of Griffin's trial, and the trial court, thus, did not err in allowing Mungin to assert his Fifth Amendment rights.

b. The trial court did not abuse its discretion in refusing to force Mungin to take the stand to invoke the Fifth Amendment in the presence of the jury. *Davis v. State*, 255 Ga. 598, 604 (340 SE2d 869) (1986).

c. The prosecution admittedly made a misrepresentation to the

court regarding the dismissal of the warrants for Mungin relating to the crimes against White, the warrants were not dismissed pursuant to a plea agreement, and the prosecution could have reinstated them. Since the dismissal of the warrants, thus, did not affect Mungin's claim of immunity, the prosecution's mistaken denial of that dismissal, though erroneous, did not cause reversible error.

5. Griffin claims that the trial court should not have allowed the prosecution to introduce a prior statement of one of its witnesses into evidence during that witness' testimony. This Court finds no error. *Cuzzort v. State,* 254 Ga. 745 (334 SE2d 661) (1985).

6. As the assault for which Griffin was convicted began when Griffin pulled his gun on White, before the homicide was committed, no merger between the aggravated assault and the malice murder conviction occurred. *Cobb v. State,* 250 Ga. 1 (295 SE2d 319) (1982).

7. For an expression of disapproval of the "flight charge," see *Cameron v. State,* 256 Ga. 225, 226 (345 SE2d 575) (1986) (Bell, Justice, concurring). We do not find this charge to be reversible error in this case.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

DECIDED MAY 28, 1987 —
RECONSIDERATION DENIED JUNE 17, 1987.

*Walter W. Ballew III,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.