### S90A0568. JOHNSON v. THE STATE.
(396 SE2d 888)

BENHAM, Justice.

This appeal is from appellant's conviction of murder, possession of a firearm during commission of a crime, and possession of a firearm by a first offender probationer. He was sentenced to life imprisonment for murder and to five years imprisonment on each of the other counts, to be served concurrently to each other and consecutively to the life sentence.[1] In five enumerations of error, appellant contends that his character was impermissibly placed in issue by repeated references to appellant's drug use and dealing and by evidence establishing that conduct.

1. Having reviewed the record in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Johnson guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

---

[1] The crimes were committed on August 30, 1988, with a RG Industries Model RG31 .38 cal. revolver purchased by appellant from a pawn shop in 1984; the indictment was returned on February 8, 1989; trial was conducted on July 5 and 6, 1989; and sentence was entered on July 7, 1989. Motion for new trial was filed on July 17, 1989; the transcript was filed on September 11, 1989; and the motion for new trial was denied on December 4, 1989. Notice of appeal to this court was filed on December 22, 1989; the record was docketed in this court on January 29, 1990; and oral argument was had on April 16, 1990.

LE2d 560) (1979).

2. The State's theory in this case was that appellant was a drug dealer, that he and the victim argued about a debt the victim owed appellant for a drug purchase, and that appellant shot the victim to death during the argument. In the course of establishing that theory, the State referred in its opening statement to the unwholesomeness of the relationship between appellant and the victim, to a statement by appellant's aunt that the shooting had involved "some deal gone bad," and to the likelihood that the shooting arose from an argument concerning drugs. During presentation of its case, the State put into evidence appellant's statement establishing that he used and sold drugs, that the victim was his customer, and that the victim wanted to talk about drugs on the occasion of the shooting. The State also introduced the inmate screening form prepared when appellant was arrested, which also contained a statement by appellant that he used cocaine. In cross-examining appellant, the State established that the victim owed appellant money for cocaine appellant had sold him, and asked questions about his practices as a drug dealer. In its closing argument, the State referred to appellant several times as a drug dealer or a crack dealer, including one reference to appellant as a crack dealer who gunned down one of his customers. It was those references to and that evidence concerning drugs to which appellant objected.

While motive is not an essential element in the proof of the crime of murder, the State is entitled to present evidence to establish that there was a motive. *Spencer v. State*, 231 Ga. 705, 708 (203 SE2d 856) (1974). The evidence that appellant was a drug dealer, that he used drugs with and sold drugs to the victim, and that there was a dispute between him and the victim regarding drugs was clearly relevant to prove that appellant had a motive for killing the victim. Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue. *Richie v. State*, 258 Ga. 361 (3) (369 SE2d 740) (1988). Since the evidence of which appellant complains was properly admitted, and the objected-to portions of the opening statement and closing argument concerned only what was to be proved and what was proved, we find no error in the overruling of appellant's objections and the denial of his motions for mistrial concerning that evidence and those remarks.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1990.

*Friedman, Donaldson & Phillips, R. B. Donaldson, Jr., Janna Martin,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory R. Jacobs, As-*

*sistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.