S92A0838. MONTES v. THE STATE.
(421 SE2d 710)

BENHAM, Justice.

Appellant was convicted of malice murder and three counts of aggravated assault arising from a shooting in a bar.[1] The two surviv-

---

[1] The crimes were committed in the early morning hours of January 7, 1990. Appellant

ing victims, two bystanders, and a bartender identified appellant as the assailant who fired a number of shots that struck the three victims.[2] Four of the witnesses testified the attack was unprovoked while the bartender stated that appellant had exchanged words with the decedent before shooting him and his companions.

1. The evidence was sufficient to authorize appellant's convictions for the malice murder of the deceased victim and for the aggravated assaults of the two surviving victims. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Relying on the medical examiner's testimony that one of the three gunshot wounds that struck the decedent was the fatal wound, the State urges that we hold that the infliction of the two non-fatal wounds constitutes the separate crime of aggravated assault upon the deceased victim.

> [A]pplying the "actual evidence" test of our substantive double jeopardy provisions, see OCGA §§ 16-1-7 (a), 16-1-6, we find that [appellant's] conviction for [aggravated assault of the deceased victim] must be set aside. The "actual evidence" test, in effect, means " 'that if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under . . . OCGA § 16-1-6 (1).' " *Haynes v. State*, 249 Ga. 119 (2) (288 SE2d 185) (1982). [*Alvin v. State*, 253 Ga. 740, 741-742 (1) (325 SE2d 143) (1985).]

The evidence used to prove that appellant perpetrated the aggravated assault of the decedent — that he fired a deadly weapon and wounded the victim — was used to establish that appellant had committed the crime of malice murder. As the aggravated assault offense was established by the same but less than all of the facts required to establish the offense of murder (OCGA § 16-1-6 (1)), the aggravated assault was an offense included in the malice murder conviction, and the conviction and sentence for the aggravated assault of the murder victim must be set aside. See *Alvin v. State*, supra. See also *Haynes v. State*, supra; *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974). Cf. *Hodge v. State*, 262 Ga. 242, n. 1 (416 SE2d 518) (1992).[3] We take this opportunity to disapprove the language in *Pryor v. State*, 238 Ga.

---

was arrested within minutes of the shootings, and was indicted on March 6, 1990. He was tried August 27-30, 1990, and his motion for new trial was filed September 11, 1990, amended August 1, 1991, and denied October 9, 1991. The notice of appeal was filed November 14, 1991, and the appeal docketed April 9, 1992. It was submitted for decision on May 22, 1992.

[2] The weapon was a .38 calibre semi-automatic pistol.

[3] The use of the "actual evidence" test for merger of offenses provides broader protection to an accused than does the United States Constitution. *Keener v. State*, 238 Ga. 7, 10 (230 SE2d 846) (1976).

698 (1) (234 SE2d 918) (1977), that each of a series of shots fired in quick succession constitutes a "renewed assault."

2. Appellant contends he was denied his constitutional right to a fair trial when a police officer testified that appellant was not willing to make a statement without his attorney being present. The officer's testimony came in response to a question put to him by defense counsel, who voiced no objection to the response of the witness. The enumerated error suffers two characteristics fatal to appellate review: error, if any, was induced by appellant; and appellant waived any error by failing to object. *Peters v. State*, 261 Ga. 373 (4) (405 SE2d 255) (1991).

3. Appellant contends he is entitled to a new trial on the ground that the testimony of a material witness was unsworn because the oath given the witness was not a verbatim recitation of the statutory oath found in OCGA § 17-8-52:

> "The evidence you shall give to the court and jury upon the trial of this issue between the State of Georgia and (name of defendant), who is charged with (here state the crime or offense), shall be the truth, the whole truth, and nothing but the truth. So help you God."

The witness was given the following oath:

> Do you solemnly swear that the evidence you shall give in the matter now pending before the court shall be the truth, the whole truth, and nothing but the truth, so help you God?

Pretermitting the question whether a witness so sworn is unsworn is the fact that appellant did not object to the oath when it was given by the assistant district attorney.

> One who, without objection, allows a witness to go on the stand and give evidence against him without first being sworn can not, after conviction, urge the failure of the witness to take the oath, as a ground of a motion for new trial. [*Rhodes v. State*, 122 Ga. 568 (1) (50 SE 361) (1905).]

See also *Joseph v. State*, 149 Ga. App. 296 (2) (254 SE2d 383) (1979).

*Judgment affirmed in part and reversed in part. Clarke, C. J., Bell, P. J., Hunt, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 22, 1992.

*William A. Graham*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Charles*

W. Smegal, *Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.