## S92A1271. GRACE v. THE STATE.
(425 SE2d 865)

FLETCHER, Justice.

James Lee Grace was convicted of the murder of Anthony Justiss, the aggravated assault and aggravated battery of Warren Jackson

and armed robbery all arising from an incident that occurred at a Bee Line Food Store in Thomas County.[1] Grace was sentenced to life imprisonment for the murder and, for the remaining three crimes, he was sentenced to three twenty-year terms to be served consecutively with the life sentence. He appeals and we affirm.

1. Grace argues that the trial court erred in denying his motion in limine which sought to exclude evidence concerning events that occurred later on the evening of the robbery and early the next morning. Grace argues that such evidence was not admissible because the state did not comply with the notice provisions of Uniform Superior Court Rules 31.1 and 31.3 as to those events and because the court did not conduct a hearing as to those events as is required by § 31.3 (B) of that same rule. However, the events Grace sought to exclude mention of occurred during the flight from the robbery scene, were immediately related in both time and place to the charges being tried, and were admissible without such notice and hearing pursuant to § 31.3 (E) of that rule which provides, in part:

> Nothing in this rule is intended to prohibit the state from introducing evidence of [independent] transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction.

Accordingly, there is no merit to Grace's argument in this regard.

2. Arguing that the aggravated assault of Warren Jackson, which occurred during the robbery, was a lesser included offense of the aggravated battery of that same individual, which also occurred during the robbery, Grace asserts that the trial court erred in allowing the jury to convict him of both. However, the facts of the case establish the commission of two separate crimes against Warren Jackson.

Warren Jackson was operating the cash register at the Bee Line Food Store when Grace and two of his companions approached the store. Grace remained outside of the store at the door while his companions entered the store. One of Grace's companions brought an item to the cash register; Warren Jackson rang up the sale and was handing the companion his change when the companion's hand came up and Jackson was shot between the eyes. The force of the gunshot knocked Jackson back toward the wall behind the counter and, as

---

[1] The crimes occurred on April 19, 1991 and appellant was indicted on November 7, 1991. He was tried on May 4 and 5, 1992, the jury returned its verdict on May 5, 1992, and appellant was sentenced the following day. A notice of appeal was filed on June 1, 1992. The case was docketed in this court on July 17, 1992 and was orally argued to the court on September 22, 1992.

Jackson fell to the floor, he heard his co-worker, Anthony Justiss, plead for his life and then heard a second gunshot. Moments later, Jackson heard someone run around the counter to where Jackson was lying behind the counter. Jackson was grabbed by his hair, his head lifted off the floor, and Jackson was shot a second time. The second bullet entered Jackson's head in front of his right ear.

Jackson was blinded in one eye as a result of the first shot fired at him and the state contends that shot constituted an aggravated battery pursuant to OCGA § 16-5-24 (a) in that it deprived Jackson of his sight in one eye. The state contends that the second shot fired at Jackson constituted an aggravated assault pursuant to OCGA § 16-5-21 (a) (2). The evidence used to prove the commission of the aggravated assault was not used at all in proving the commission of the aggravated battery and thus there is no merit to Grace's contention that the aggravated assault was a lesser included offense of the aggravated battery. Compare *Montes v. State,* 262 Ga. 473 (1) (421 SE2d 710) (1992).

3. Grace's argument that there was no evidence of malice to support the murder conviction is also without merit. OCGA § 16-5-1 (b) provides, in part:

> Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart.

The facts set forth in Division 2 clearly establish the absence of provocation and demonstrate that the homicide of Anthony Justiss was the act of an abandoned and malignant heart.

4. Because he stood outside of the store throughout the entire incident, Grace contends there was no evidence that he was involved in any of the crimes charged. However, OCGA § 16-2-20 (a) provides:

> Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime.

OCGA § 16-2-20 (b) (3) goes on to provide that one is "concerned in the commission of a crime" if he, among other things, "[i]ntentionally aids or abets in the commission of the crime. . . ."

While an individual's presence when a crime is committed will not be sufficient, in and of itself, to convict that individual as a party to the crime, if the individual is present and assists in the commission of the crime or shares in the criminal intent of the actual perpetrator of the crime, the individual may be convicted as a party to the crime. *Thornton v. State,* 119 Ga. 437 (46 SE 640) (1903). Further, "criminal intent may be inferred from conduct before, during, and after the

commission of the crime." *Sands v. State*, 262 Ga. 367 (418 SE2d 55) (1992).

In the present case, the evidence shows that Grace and his two companions had all entered the Bee Line Food Store together earlier in the evening and while Grace's companions occupied themselves with a punch board game, Grace wandered around the back of the store for several minutes before all three left the store together. A few hours later, Grace and his two companions again approached the Bee Line Food Store, the companions entering the store while Grace stood outside the front door. Just after entering the store, one of Grace's companions went to the door where Grace was standing and conferred with Grace.

A truck matching both the description of the truck Grace and his two companions had been seen in before the robbery and the description of the truck seen fleeing the scene of the crime was found abandoned in the woods several miles from where Grace and one of his companions from the night before were ultimately apprehended. Two sets of footprints led away from the truck and were followed by a tracker to the area where Grace and one of his companions were ultimately apprehended. The cash register from the Bee Line Food Store was found across the road from where the truck had been abandoned, along with an ax that had apparently been used to open the register. The revolver which had been used in the aggravated battery and aggravated assault of Warren Jackson and in the murder of Anthony Justiss was also found in the same area.

Finally, the morning after the robbery, Grace and one of his companions were found walking together along a dirt road in the area where the abandoned truck had been discovered. At the time of his arrest, Grace was in possession of, among other things, $158 in coins and currency, including 152 pennies and 51 dimes, as well as several coin wrappers.

Considering all of the evidence in a light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Grace to be a party to and guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Grace's remaining enumeration of error is without merit.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Sears-Collins, Hunstein, JJ., and Judge Michael Stoddard concur; Benham, J., dissents as to Division 2.*

BENHAM, Justice, concurring in part and dissenting in part.

I am in full accord with the majority's affirmance of appellant's convictions for the murder of Anthony Justiss, the aggravated battery of Warren Jackson, and armed robbery. However, I respectfully dis-

sent from the affirmance of appellant's conviction for the aggravated assault of Warren Jackson. That conviction derives from the injury Jackson received from the second shot fired at him during the armed robbery. In declining to merge the aggravated assault conviction into appellant's aggravated battery conviction (derived from the injury Jackson received from the first shot fired at him during the armed robbery), the majority has determined that the second shot was a "separate crime." However, in *Montes v. State*, 262 Ga. 473, 474-475 (421 SE2d 710) (1992), this court disapproved the statement in *Pryor v. State*, 238 Ga. 698 (1) (234 SE2d 918) (1977), that each of a series of shots fired in quick succession constituted a "renewed assault." Thus, this court did away with the infrequently-used prosecutorial tool of charging a defendant with a separate crime for every wound inflicted when those wounds were inflicted "in quick succession." Unfortunately, the affirmance of appellant's aggravated assault conviction breathes new life into that recently-disapproved prosecutorial tool. The majority's recitation of the facts makes it clear that appellant's accomplice fired three shots in quick succession: Jackson was shot; as he fell to the floor, he heard the shot that killed his co-worker; "[m]oments later," Jackson was shot again. Majority, p. 748. Had Jackson been killed by the second shot, we would not permit appellant to be convicted of both aggravated battery and murder (*Montes*, supra); had Jackson not been blinded by the first shot, we would not uphold two aggravated assault convictions.

As I am unable to distinguish this case from the holding in *Montes*, I cannot endorse the affirmance of appellant's conviction for aggravated assault.

DECIDED FEBRUARY 18, 1993.

*Edwards & Edwards, H. B. Edwards III*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney*, for appellee.