## S93A0127. McKISSICK v. THE STATE.
### (429 SE2d 655)

BENHAM, Justice.

Appellant was convicted of the murder of his wife, whose nude body containing fifty-nine knife wounds was found in a wooded area six days after she was last seen in November 1990.[1]

1. Appellant contends the trial court erred when it denied his motion for a directed verdict of acquittal. The State presented evidence that appellant was estranged from the victim, and that he picked her up at her residence on November 19, 1990, to go shopping for their daughter. The victim was not seen alive again. Six days later, her nude, stabbed and scratched body was found in a wooded area 40-45 feet from a highway. In one hand she clutched pine straw. Blood was found on briars between the road and the body, and the fine scratches on the victim's body were consistent with having been inflicted by the briars. Photos of appellant's arms, identified as accurately reflecting their state two days after the victim disappeared, depicted partially healed scratches that were expertly described as consistent with being inflicted by the briars. When appellant's car was searched, bloodstains that contained enzymes consistent with the victim's blood were found on the passenger side of the dashboard; on the doorjamb beneath the front and rear passenger-side doors; on the armrest of the passenger door; and on the trunk lining. Pine straw and a bloodied human head hair that was microscopically consistent with the victim's hair were found in the trunk. The upholstery of the passenger seat contained a cut consistent with infliction by a knife. A blood spatter expert testified that the stains on the dashboard were from an attack and the trunk stains were left as something was removed from the trunk. The State also presented evidence of prior difficulties between appellant and the victim during 1990, including an incident in June 1990 where appellant took the victim at knifepoint to a wooded area, forced her to disrobe, and put her in the trunk of

---

[1] The crime was committed on November 19, 1990, and appellant was indicted for murder on August 19, 1991. He was tried August 24-26, 1992, found guilty, and sentenced to life imprisonment on August 26. Appellant filed a notice of appeal on September 22, and oral arguments were heard before this court on January 11, 1993.

his car.

A verdict of acquittal may be directed "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . ." OCGA § 17-9-1 (a). See also *Taylor v. State,* 252 Ga. 125 (1) (312 SE2d 311) (1984). Inasmuch as the evidence was sufficient to authorize the jury to find appellant guilty of murder beyond a reasonable doubt, it was not error to deny appellant's motion for a directed verdict of acquittal. *Hawkins v. State,* 195 Ga. App. 739 (1) (395 SE2d 251) (1990).

2. Appellant next contends that the admission of evidence of prior difficulties between him and his wife was error as it impermissibly placed his character in issue in violation of OCGA § 24-9-20. Evidence of prior difficulties between a defendant and the victim is admissible to show the relationship between the defendant and the victim, and does not place the defendant's character in evidence within the meaning of OCGA § 24-9-20. *Rotino v. State,* 259 Ga. 295 (2) (a) (380 SE2d 261) (1989). Therefore, the trial court did not err when it overruled appellant's objections to the admission of the evidence.

3. The trial court permitted the State to use hearsay testimony to establish the prior difficulty during which appellant allegedly kidnapped the victim at knifepoint. The victim's boyfriend testified to the story the victim told him and that which he heard her relate to a police clerk who was preparing a warrant for appellant's arrest, and the officer who investigated the alleged kidnapping related what the victim told him had happened. Appellant maintains that the admission of the hearsay constitutes reversible error.

OCGA § 24-3-1 (b) permits the use of hearsay evidence "in specified cases from necessity." The statutory exceptions to the rule against the admission of hearsay are not exhaustive and exclusive of all other cases. *Higgs v. State,* 256 Ga. 606 (3) (351 SE2d 448) (1987). An exception will be allowed "from necessity" where "necessity" and "particularized guarantees of trustworthiness" are established. *Mallory v. State,* 261 Ga. 625 (2) (409 SE2d 839) (1991).

In the case at bar, the "necessity" prerequisite is met as the statements were made by the victim who is now unavailable due to her death. Id. The trustworthiness of the decedent's statements is provided by the following: the victim made the three statements within hours of being released from the trunk of appellant's car, and two of the three statements were made during the course of an official investigation. While the victim decided not to pursue the charges five weeks later, she never disavowed the statements she made in support of the charges, or claimed they were inaccurate or untruthful. Id.; *Higgs v. State,* supra. Under these circumstances, the trial court did

not err when it ruled the hearsay was admissible under the "necessity" exception. *Higgs v. State*, supra.

4. Lastly, appellant takes issue with the trial court's refusal to give a requested charge that appellant was presumed innocent of any kidnapping charge since he was not indicted, tried, or convicted of that offense. In light of the trial court's instructions that appellant was on trial for murder only and not for any other alleged offenses introduced into evidence, there was no error in the trial court's refusal to give the requested instruction.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1993 —
RECONSIDERATION DENIED JUNE 18, 1993.

*Buford & Buford, Floyd M. Buford, Floyd M. Buford, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.