S93A0372. ROPER v. THE STATE.
(429 SE2d 668)

HUNT, Presiding Justice.

Carlton Leonard Roper was convicted of murder and sentenced to life imprisonment. He appeals and we affirm.[1]

1. The defendant argues that the evidence presented at trial was purely circumstantial and insufficient to prove his guilt beyond a reasonable doubt, and that it failed to exclude every reasonable hypothesis inconsistent with his guilt.

We have held that the correct rule for determining the sufficiency of the evidence in convictions based entirely on circumstantial evidence is that

> [q]uestions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law.

*Harris v. State*, 236 Ga. 242, 245 (223 SE2d 643) (1976). In this case the jury was properly charged on the definitions of direct and circumstantial evidence and that a conviction on circumstantial evidence

---

[1] The homicide occurred sometime between August 2, 1991 and August 5, 1991. The defendant was found guilty of murder on August 26, 1992; the trial court imposed a life sentence to run consecutively to any sentence the defendant was then serving. Motion for new trial was filed on September 25, 1992, and denied on October 14, 1992. The defendant filed notice of appeal in this Court on November 13, 1992. The appeal was docketed on December 8, 1992, and submitted for decision on briefs on January 22, 1993.

alone requires the exclusion of every reasonable hypothesis except that of the defendant's guilt. In rendering its verdict, the jury found that the state had excluded all reasonable hypotheses except that of guilt. *Zant v. Nelson*, 250 Ga. 152, 154 (296 SE2d 590) (1982). After reviewing the evidence in a light most favorable to the prosecution, we find that the evidence is sufficient to have authorized the jury to find that the state excluded all reasonable hypotheses except that of the defendant's guilt, and to have authorized any rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant next argues that the trial court erred in allowing the victim's sister to offer hearsay testimony regarding conversations between her and the victim concerning difficulties between the victim and the defendant since such testimony was irrelevant and served to place the defendant's character in issue. The victim's sister testified that the victim told her that she was worried about unauthorized withdrawals from her bank account, that she suspected that the defendant had made those withdrawals, and that she had confronted the defendant with her suspicions and asked him to move out of the apartment. This testimony deals with prior difficulties between the victim and the defendant. While we agree with the State that such testimony is generally admissible to show the defendant's motive, intent or bent of mind toward the victim, see, e.g., *Hales v. State*, 250 Ga. 112, 113 (296 SE2d 577) (1982), the evidence, to be admitted, must be otherwise competent. See, e.g., *Lawrence v. State*, 257 Ga. 423, 424 (360 SE2d 716) (1987); *Hooten v. State*, 256 Ga. 31, 33 (343 SE2d 481) (1986). In the case before us, the testimony of the victim's sister is hearsay, and as hearsay it cannot be admitted solely on the ground that it concerns prior difficulties; the Georgia Code contains no hearsay exception for statements concerning prior difficulties. The state argues that this testimony is admissible as original evidence under OCGA § 24-3-2 to explain conduct and ascertain motives, an argument which assumes the relevancy of such conduct and motive. *Dover v. State*, 250 Ga. 209, 213 (296 SE2d 710) (1982). We do not address this argument, however, because we conclude that the testimony was admissible under OCGA § 24-3-1 (b) "from necessity."

The two prerequisites for the admission of hearsay because of necessity are 1) necessity, and 2) particularized guarantees of trustworthiness. *McKissick v. State*, 263 Ga. 188 (429 SE2d 655) (1993). The first prerequisite is satisfied since the victim, who is now unavailable as a witness because she is deceased, made the statement. Id. at 189. As to the second requirement, the declaration of the decedent is admissible when it is coupled with circumstances which attribute verity to it. *White v. White*, 262 Ga. 168 (415 SE2d 467) (1992); see also *C & S Bank of Albany v. Swain*, 185 Ga. App. 881, 884 (366 SE2d 191)

(1988) (Beasley, J., dissenting). Here, the statements were made by the victim to a sister in whom she placed great confidence and to whom she turned for help with her problems; considering the totality of the circumstances under which the statements were made, we find that there are sufficient indicia of trustworthiness.[2] The sister's hearsay testimony is, therefore, admissible.[3] Moreover, the testimony of the victim's sister was duplicated by that of another witness, relegating any error in the admission of this evidence to the harmless category. *Hooten v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 1993 —
RECONSIDERATION DENIED JUNE 18, 1993.

*W. Edward Nethery*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeffrey H. Brickman, Robert M. Coker, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney*, for appellee.

---

[2] While the victim's statements are corroborated by the testimony of another witness, the presence of corroborating evidence does not support a determination that a statement possesses sufficient indicia of reliability; instead, such corroborating evidence "more appropriately indicates that any error in admitting the statement might be harmless. . . ." *Idaho v. Wright*, 497 U. S. 805 (110 SC 3139, 3150-3151, 111 LE2d 638) (1990).

[3] We reiterate our holding in *Swain v. C & S Bank of Albany*, 258 Ga. 547 (372 SE2d 423) (1988), that a court need not look to the interest of a witness in determining the trustworthiness of a declarant's statement; indications that a witness has an interest in the case should speak to the credibility of the witness rather than the admissibility of the declarant's statement. Id. at 550.