### A93A1072. McBEE v. THE STATE.
(435 SE2d 469)

McMURRAY, Presiding Judge.

Johnny Ladell McBee (defendant) and Bobby Gene Simpson, Jr., were jointly indicted for arson in the first degree. Simpson plead guilty and testified for the State at defendant's jury trial. Defendant was found guilty of the crime charged. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court improperly limited his cross-examination of Bobby Gene Simpson, Jr., by ruling that he could not use the witness' juvenile record to "show the jury that Simpson's credibility was suspect because of his record of infractions, which began when he was a juvenile." This contention is without merit as "such an adjudication could not be used to impeach the witness. *Smith v. State*, 154 Ga. App. 190, 192 (3) (267 SE2d 826)[, U. S. cert. denied in 449 U. S. 842 (101 SC 123, 66 LE2d 50)]." *Johns v. State*, 181 Ga. App. 510, 511 (3) (352 SE2d 826). See *Overstreet v.*

*State*, 182 Ga. App. 809, 812 (5) (357 SE2d 103).[1]

2. Defendant contends the trial court erred in denying his motion for new trial, arguing that the State "failed to disclose a potential reward for one of the State's witnesses [pursuant to his demand under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)]."

"It is elementary that counsel for the State can make available only such evidence as it has in its file, or of which it has knowledge, and 'is under no requirement to conduct an investigation on behalf of a defendant. . . .' *Dalton v. State*, 251 Ga. 641 (1) (308 SE2d 835)." *Fuqua v. State*, 183 Ga. App. 414, 416 (1b), 417 (359 SE2d 165). In the case sub judice, it is undisputed that the State's attorney did not know at the time of trial that any witness testifying for the State was subject to a reward. In fact, the State's attorney stated that he did not know of any such reward until the hearing on defendant's motion for new trial. These circumstances reveal no violation under *Brady v. Maryland*, 373 U. S. 83, supra. Consequently, the trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 20, 1993 —
RECONSIDERATION DENIED SEPTEMBER 8, 1993

*Kenneth E. Futch, Jr.*, for appellant.
*Donnie Dixon, District Attorney, Lucy J. Bell, Assistant District Attorney*, for appellee.

---

[1] In *Davis v. Alaska*, 415 U. S. 308 (94 SC 1105, 39 LE2d 347), the Supreme Court held that a *pending* delinquency adjudication for burglary was admissible as a *particular* attack on a witness' credibility, i.e., "directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Hines v. State*, 249 Ga. 257, 259 (2), 260 (290 SE2d 911). However, as noted by Justice Stewart in a concurring opinion, "the [United States Supreme] Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions." *Davis*, supra at 321.