## A93A1943. HARDEN v. THE STATE.
(438 SE2d 136)

Birdsong, Presiding Judge.

Larry Harden appeals his conviction for aggravated child molestation. The evidence shows that in Grant Park, appellant lured a boy to his home by promising him a puppy, and forced anal sodomy upon the child. The child then ran to a neighboring apartment. The woman who lived there took him to the apartment rental office and police were called. Immediate medical examinations revealed the child had been sexually assaulted and was nervous, upset and in pain. Appellant appeared at trial as a man. The child described appellant as a woman, but the evidence showed that appellant dressed as a woman; the neighbor to whom the child ran also had thought appellant was a woman. Appellant enumerates two errors in the trial court. *Held*:

1. The trial court did not err in admitting similar transaction evidence that appellant had committed a similar offense in 1977, as to which another male testified that when he was seven years old, he encountered appellant in Grant Park; appellant lured him to his home by promising to let the child play with toy trains. In that encounter, appellant was dressed as a woman, but took his wig off when he took the child to his apartment; he pointed a gun at the child and forced anal sodomy upon him. Appellant pled guilty to that charge.

This evidence was properly admitted as a similar transaction. See *Stephan v. State*, 205 Ga. App. 241 (2) (422 SE2d 25); *Willis v. State*, 201 Ga. App. 365 (2) (410 SE2d 827). The mere passage of time between the similar incidents in these circumstances does not lessen the

·validity of this evidence as a similar transaction, particularly where the defendant spent part of the intervening years in incarceration for the other offense. *Moore v. State*, 207 Ga. App. 412 (1) (427 SE2d 779); see also *Payne v. State*, 207 Ga. App. 312 (3) (428 SE2d 103); *Stephens v. State*, 205 Ga. App. 403 (1) (422 SE2d 275).

2. The trial court did not err in denying appellant's motion for continuance, which he sought during trial so that he could impeach the witness testifying to the similar transaction, by showing that witness' own subsequent criminal record. Proper notice was given of the State's intent to introduce evidence of that similar offense involving that witness; appellant had ample opportunity to investigate that witness' background and obtain his criminal records. The State was under no obligation to introduce that witness' criminal records. See *Bacon v. State*, 207 Ga. App. 39, 40 (427 SE2d 32); *Hill v. State*, 187 Ga. App. 150 (15) (369 SE2d 790). Appellant failed to exercise that due diligence which would authorize the grant of a continuance. See OCGA § 17-8-20. The grant or denial of continuance is a matter of the trial court's discretion; the trial court did not abuse its discretion in denying a continuance on this ground, and we will not reverse the conviction on that account. *Swint v. State*, 199 Ga. App. 515 (405 SE2d 333).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 16, 1993.

*Venice R. Daley, Andrei G. Howze*, for appellant.

*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.