## S94A1226. HAYES v. THE STATE.
### (453 SE2d 11)

Hunstein, Justice.

Aldridge Level Hayes was charged with malice murder (Count 1), felony murder (Count 2), and aggravated assault (Count 3). He was convicted of all three counts. The trial court sentenced Hayes to life for the murder, a concurrent term of years for the aggravated assault, and revoked his First Offender Status on an earlier drug charge. He appeals from the denial of his motion for a new trial.[1]

1. The evidence established that Charles Hillman was walking in the company of Charles Poole when a car pulled up beside the men. Hillman immediately began to run; appellant, a passenger in the car, exited the vehicle with a knife in his hand and followed Hillman. Witnesses, including Poole and Travis Brooks, who was the driver of the car, testified that within the space of a few minutes appellant chased down Hillman, stabbed him, followed after Hillman as he broke away from the fight, threw Hillman against Poole's car as Hillman tried to enter the vehicle, and stabbed him repeatedly. Although Brooks entered into the fight and stabbed Hillman on his side, the evidence was

---

[1] The homicide occurred on October 3, 1991. Hayes was indicted on February 11, 1992 in Fulton County. He was found guilty on May 27, 1992, and his sentence was filed on June 3, 1992. Pursuant to a grant of writ of habeas corpus, an out-of-time motion for new trial was allowed in January 1994. The motion was denied on March 31, 1994. A notice of appeal was filed on April 11, 1994 and the case was docketed on May 10, 1994. This appeal was submitted for decision without oral argument on July 5, 1994.

uncontroverted that it was a stab wound to Hillman's heart, inflicted by appellant, that caused Hillman's death. Evidence was also adduced that appellant knew that Hillman had been the confidential informant who had provided information to the police that had led to appellant's conviction on a drug charge.

A rational trier of fact could have found proof of appellant's guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Although the evidence was sufficient to support the conviction for malice murder, see Division 1, supra, the trial court expressly merged Count 1, the malice murder conviction, into Count 2, the felony murder conviction, and sentenced appellant to one term of life imprisonment. See *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993), in which we noted that where there is a single victim, "the defendant may be sentenced *on either* [the malice murder or the felony murder] but not both." (Emphasis supplied; citations and punctuation omitted.) Id. at 371.[2] While the trial court, during the sentencing hearing, recognized that the aggravated assault, as the underlying felony, merged into the felony murder conviction, see *Johnson v. State*, 254 Ga. 591 (4) (331 SE2d 578) (1985), the sentence as entered fails to reflect that merger. Accordingly, appellant's conviction and sentence for aggravated assault are vacated. Id.

3. Appellant contends error in the admission of testimony by Atlanta Police Officer William Davidson that Hillman, who had served as a confidential informant and had provided information leading to appellant's arrest and conviction for drug charges, had stated to Davidson that appellant knew of Hillman's involvement and was "out to get [Hillman] or do anything to kill him." OCGA § 24-3-1 (b) permits the use of hearsay evidence "in specified cases from necessity." An exception to the rule against the admission of hearsay will be allowed "from necessity" where "necessity" and "particularized guarantees of trustworthiness" are established. *Roper v. State*, 263 Ga. 201 (2) (429 SE2d 668) (1993); *McKissick v. State*, 263 Ga. 188 (3) (429 SE2d 655) (1993). The necessity requirement is met as the statements were made by the victim who is now unavailable due to his death. Id. The

---

[2] We acknowledge there can be rare instances where a trial court, upon receiving guilty verdicts on both malice murder and felony murder counts, may deem it necessary to sentence the defendant only on the felony murder conviction because, e.g., the evidence to support the malice murder did not appear to the trial court to be sufficient under *Jackson v. Virginia*, supra. See *Hendrick v. State*, 257 Ga. 514 (3) (361 SE2d 169) (1987), in which this Court vacated the conviction and sentence for malice murder and ordered sentence be imposed on the felony murder conviction because the evidence was insufficient to support the malice murder conviction. Such a rare instance was not present in the case at bar. However, because we cannot say it was reversible error as a matter of law for the trial court here to have "merged" the malice murder into the felony murder conviction, the felony murder conviction and sentence thereon stand.

trustworthiness of Hillman's statements is provided by the fact that Hillman made the statement to the police officer for whom he had worked and to whom he had provided information about appellant and that he never disavowed the statements. See id. at 189. Moreover, the testimony of Officer Davidson was duplicated by that of another witness, Brooks, relegating any error in the admission of this evidence to the harmless category. *Roper*, supra at 203.

4. Evidence that appellant was arrested and later convicted on drug charges as a result of information provided by Hillman to the police was properly admitted to establish a motive for the murder. *Johnson v. State*, 260 Ga. 457 (2) (396 SE2d 888) (1990). "Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue. [Cit.]" Id. at 458.

5. Brooks, the driver of the car that brought appellant to the crime scene, was a juvenile at the time of the crimes and turned State's evidence just before trial as part of a guilty plea agreement that requires him to serve 12 years for aggravated assault. We find no error in the trial court's refusal to allow appellant to obtain Brooks' juvenile court records for impeachment purposes. *McBee v. State*, 210 Ga. App. 182 (1) (435 SE2d 469) (1993). Given that Brooks' participation in the crime was well known to appellant and he had ample opportunity to investigate Brooks' background, there was no abuse of the trial court's discretion in the denial of appellant's motion for a continuance. *Harden v. State*, 211 Ga. App. 1 (2) (438 SE2d 136) (1993). The record does not support appellant's contention that the trial court improperly limited his cross-examination of Brooks as to the terms of the plea bargain he negotiated with the State.

6. We find no abuse of the trial court's discretion in admitting evidence of the gang affiliation appellant shared with his alibi witnesses and a police officer's testimony that the name of the gang meant "I will die for you, you will die for me" as this evidence was relevant to show the state of the witnesses's feelings toward appellant and his relationship to them. OCGA § 24-9-68; *Watkins v. State*, 206 Ga. App. 701 (7) (426 SE2d 238) (1992).

7. Our review reveals no merit to appellant's remaining enumerations as to the admission of certain photographs, the trial court's statements made about a witness who violated the rule of sequestration, certain jury charge language, and appellant's assertion that he received ineffective assistance of counsel.

*Judgment affirmed in part and vacated in part. All the Justices concur, except Hunt, C. J., and Sears, J., who concur in Divisions 1, 3 through 6 and in the judgment, and Benham, P. J., and Carley, J., who dissent.*

CARLEY, Justice, dissenting.

Although there was but one victim, appellant was indicted and tried for, and convicted of three separate crimes: malice murder; felony murder while in the commission of an aggravated assault; and, aggravated assault. As the majority correctly notes in Division 1, the evidence authorized a finding that appellant committed all three crimes. The trial court, however, entered judgments of conviction only as to the felony murder count and the aggravated assault count. Appellant does *not* enumerate as error the trial court's entry of judgments of conviction as to these two counts. Nevertheless, the majority has taken it upon itself to address this issue in Division 2 of its opinion, wherein it concludes that it was error to fail to merge the aggravated assault count into the felony murder count. I agree that there was error committed in this case. I do not, however, agree that that error was the trial court's failure to have merged the aggravated assault count into the felony murder count. In my opinion, the trial court's only error was in entering a judgment of conviction on the felony murder count rather than on the malice murder count.

As stated in footnote 2, the premise of the majority's holding is that it was not "reversible error as a matter of law for the trial court here to have '*merged*' the malice murder into the felony murder conviction, [and] the felony murder conviction and sentence thereon stand." (Emphasis supplied.) To the contrary, however, it *was* reversible error for the trial court to have merged the malice murder into the felony murder conviction, and the felony murder conviction and sentence thereon cannot stand. Malice murder and felony murder were *alternative* counts of the indictment. Where, as here, *valid* guilty verdicts are returned on both alternative counts of malice and felony murder, the principle of merger has no applicability whatsoever. In such circumstances, the alternative felony murder count is deemed to be "vacated by operation of OCGA § 16-1-7. Thus, there is no felony murder count into which the underlying felony can merge, since the felony murder conviction has been statutorily vacated." *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993). The majority opinion ignores this holding in *Malcolm*, which was unanimously decided by this Court less than a year and a half ago. See *Hall v. Hopper*, 234 Ga. 625 (3) (216 SE2d 839) (1975). See also *Grissom v. Gleason*, 262 Ga. 374, 378 (418 SE2d 27) (1992) (Justice Benham's special concurrence).

It follows that, in this case, the trial court first should have determined whether the evidence authorized the guilty verdict as to the *malice* murder count. Since the evidence in that regard was sufficient, it would have been

proper for the trial court to treat the felony murder count as

merely surplusage and then to proceed to determine whether the underlying felony did or did not merge, as a matter of fact, into the malice murder count. [Cits.]

*Malcolm v. State*, supra at 373 (5). Here, this procedure was not followed by the trial court, with the result that a judgment of conviction was erroneously entered on the "surplusage" felony murder count rather than correctly entered on the viable malice murder count. Thus, it is my opinion that the majority erroneously affirms the judgment of conviction on the felony murder count and incorrectly fails to direct that a judgment of conviction be entered on the valid malice murder count.

As to the question of whether the aggravated assault count merged as a matter of fact into the valid malice murder count, the record shows that the former count was alleged in terms of appellant's "cutting and stabbing [the victim] with a knife, a deadly weapon. . . ." Compare *Griffin v. State*, 257 Ga. 148, 150 (6) (356 SE2d 209) (1987). Accordingly, resolution of the merger issue in this case is dependent upon whether the evidence used to prove that appellant perpetrated this alleged aggravated assault was also used to establish that he had committed the crime of malice murder. *Malcolm v. State*, supra at 374 (5).

There was evidence of appellant's commission of two successive aggravated assaults, each of which was separate and distinct from the other and only one of which caused the death of the victim. See *Knight v. State*, 190 Ga. App. 87, 88 (2) (378 SE2d 373) (1989); *Watson v. State*, 178 Ga. App. 778, 780 (2) (344 SE2d 667) (1986). Compare *Malcolm v. State*, supra at 374 (5); *Montes v. State*, 262 Ga. 473, 475 (1) (421 SE2d 710) (1992) (finding merger where there was "a series of shots fired in quick succession . . ."). The jury was authorized to find that appellant first chased and stabbed the victim in the hands and that this particular aggravated assault was complete when appellant dropped the knife. At that time, the victim attempted to flee to safety. Had appellant stopped at that point, he would have committed only a non-fatal aggravated assault. However, he persisted, retrieving the knife and chasing the fleeing victim. He then perpetrated yet another aggravated assault which was completed only when he stabbed the victim fatally in the chest. This second fatal aggravated assault was accomplished by a series of stab wounds inflicted in quick succession and, as such, merged into the malice murder. *Malcolm v. State*, supra; *Montes v. State*, supra. The first non-fatal aggravated assault, however, is a sufficient predicate for a separate conviction. See *Grace v. State*, 262 Ga. 746, 747 (2) (425 SE2d 865) (1993) (distinguishing *Montes v. State*, supra). See also *Knight v. State*, supra; *Watson v. State*, supra.

As the separate and distinct non-fatal aggravated assault was not established by the same but less than all of the facts required to establish the offense of murder, it follows that that offense would not be included in the malice murder conviction and that the separate conviction and sentence for the aggravated assault of the murder victim must be allowed to stand. Accordingly, I respectfully dissent to the majority's holding that the valid judgment of conviction of aggravated assault be vacated.

I am authorized to state that Presiding Justice Benham joins in this dissent.

DECIDED FEBRUARY 13, 1995.

*Christopher J. McFadden,* for appellant.

*Lewis R. Slaton, District Attorney, Herman L. Sloan, Suzanne W. Ockleberry, Ronnie E. Dixon, Rebecca A. Keel, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.