S96A0178. BUTLER v. THE STATE.
(468 SE2d 369)

HINES, Justice.

Evelyn Carlock was shot and killed outside of her car in a grocery store parking lot. Anthony Butler was found guilty of malice murder, felony murder while in the commission of criminal attempt to commit armed robbery, criminal attempt to commit armed robbery, and possession of a firearm by a convicted felon in connection with the fatal shooting. We affirm Butler's convictions.[1]

The evidence at trial included the taped statement of co-indictee Foley in which Foley admitted that he and Butler went to the grocery store parking lot to commit an armed robbery. Foley told police that Butler said they needed money and suggested robbery. Butler drove the two to the parking lot and targeted the elderly victim because she was alone. Foley stated that he believed that he could rob the woman without a gun but Butler questioned that he could. During the robbery attempt, Foley shot the victim with a gun that he said had been given to him by Butler. The .380 caliber bullet removed from the victim was positively identified as having been fired from the .380 caliber handgun found in Butler's closet.

State's witness Small testified that sometime in March 1994, the month before the shooting, Butler told him that "he need[ed] to do

---

[1] The crimes occurred on April 8, 1994. Butler and Damion Foley were indicted on August 2, 1994, for malice murder, felony murder while in the commission of criminal attempt to commit armed robbery, and criminal attempt to commit armed robbery. Butler was additionally indicted for possession of a firearm by a convicted felon. Foley pled guilty to the felony murder. Butler was tried on June 5-8, 1995, and was found guilty of all charges. On June 8, 1995, he was sentenced to life imprisonment for the malice murder, ten consecutive years of incarceration for the criminal attempt to commit armed robbery, and five years of incarceration to be served consecutively to the other sentences for the possession of firearm charge. The conviction on the felony murder stood vacated by operation of law, OCGA § 16-1-7. A motion for new trial was filed on June 15, 1995, and denied on September 14, 1995. The notice of appeal was filed on October 3, 1995, and the appeal was docketed in this Court on October 27, 1995. The case was submitted for decision without oral argument on December 18, 1995.

something to get his financial situation correct." Butler said he needed to "hit a lick," which was jargon for robbing someone. Small further testified, "Same time, riding in the car, [Butler] asked me if I thought that I needed to get my financial things together, then we could go do some things together." Small said Butler was talking about robbery.

1. Butler challenges admission of Small's statements as having improperly placed his character in issue. The challenge fails. "Evidence which is relevant to an issue in a case is not rendered inadmissible by the fact that it incidentally puts the defendant's character in issue. [Cit.]" *Johnson v. State*, 260 Ga. 457, 458 (2) (396 SE2d 888) (1990). See also *Hayes v. State*, 265 Ga. 1, 3 (4) (453 SE2d 11) (1995). Small's statements were relevant to show Butler's state of mind close in time to the crimes, that is, that he was considering robbery and possibly looking for a partner in crime.[2] See *Rini v. State*, 236 Ga. 715, 716 (2) (225 SE2d 234) (1976). This was significant because of offered evidence that Butler merely drove Foley to the grocery store and had no idea that Foley intended to rob someone.

Small's statements were also relevant to show motive. Even though motive is not an essential element in proving murder, the State may present evidence to establish that there was a motive. *Johnson*, supra at 458 (2). Here, the evidence helped establish that Butler planned the robbery because he needed money and rebutted Butler's assertion that Foley was the one in need. The fact that there may have been hostility between Butler and Small does not preclude the testimony as relevant evidence. It bears on the question of witness credibility which is a matter for the jury. OCGA § 24-9-80.

Butler also complains of the State's failure to follow the requirements of Uniform Superior Court Rules 31.1 and 31.3 with regard to Small's testimony. However, the rules regarding the introduction of similar transactions are not applicable. The statements ascribed to Butler were speculation and fall short of criminal acts. See OCGA §§ 16-4-7; 16-4-8.

2. The evidence was sufficient to enable a rational trier of fact to find Butler guilty beyond a reasonable doubt of the crimes with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Burke v. State*, 234 Ga. 512 (216 SE2d 812) (1975).

*Judgments affirmed. All the Justices concur.*

---

[2] The trial court gave limiting instructions to the jury that the evidence was being admitted for the purpose of showing, if it did, the defendant's state of mind at a time in proximity to the crimes on trial.

DECIDED APRIL 8, 1996.

*Letitia B. Delan,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.