## S97A1147. FITZPATRICK v. THE STATE.
### (489 SE2d 840)

CARLEY, Justice.

A jury found Roderick Fitzpatrick guilty of malice murder and aggravated assault. The trial court entered judgments of conviction on the jury's verdicts and sentenced Fitzpatrick to life imprisonment for the murder and to a 20-year term for the aggravated assault. The trial court denied Fitzpatrick's motion for new trial and he appeals.[1]

1. The malice murder count of the indictment alleged that Fitzpatrick committed that crime "by cutting and stabbing" Victoria Flowers. Ms. Flowers was Fitzpatrick's former girl friend and the mother of his child. Some months earlier, Fitzpatrick visited Ms. Flowers and, after asking her to go for a walk, stabbed her in a jealous rage, claiming that, if he could not have her, "nobody else will." On the night in question, Fitzpatrick went to Ms. Flowers' house and found her there with her new boyfriend. Fitzpatrick asked her to go for a walk. Two eyewitnesses, watching as Ms. Flowers and a companion walked down the street, saw the companion stab Ms. Flowers and run away. Because of the distance and the lighting, the eyewitnesses were unable to identify Fitzpatrick as the perpetrator. However, the shears used to stab Ms. Flowers more than 12 times were of the type Fitzpatrick used in his work. After the murder, Fitzpatrick telephoned family members and friends of Ms. Flowers and admitted that he stabbed her with his work shears. This evidence was sufficient to authorize a rational trier of fact to find proof of Fitzpatrick's guilt of malice murder beyond a reasonable doubt. *Jackson v. Vir-*

---

[1] The crimes were committed on March 23, 1994. The grand jury returned its indictment against Fitzpatrick on July 27, 1994 and the trial jury returned its guilty verdicts on May 24, 1996. Fitzpatrick filed his motion for new trial on June 20, 1996 and the trial court denied that motion on March 4, 1997. Fitzpatrick filed his notice of appeal on March 10, 1997 and the case was docketed in this Court on April 11, 1997. Oral argument of the appeal was heard on June 17, 1997.

*ginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The indictment also alleged that Fitzpatrick committed an aggravated assault "by cutting and stabbing" Ms. Flowers. Although there would be no merger as a matter of law, the aggravated assault conviction could merge into the malice murder conviction as a matter of fact. *Malcolm v. State,* 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). The record shows that the evidence used to prove that Fitzpatrick committed an aggravated assault "by cutting and stabbing" Ms. Flowers is the same as that used to prove that he committed the malice murder. *Malcolm v. State,* supra at 374 (5); *Montes v. State,* 262 Ga. 473, 474 (1) (421 SE2d 710) (1992). Compare *Griffin v. State,* 257 Ga. 148, 150 (6) (356 SE2d 209) (1987). Although Ms. Flowers suffered multiple stab wounds, there was only one assault perpetrated by Fitzpatrick and that assault merged into the malice murder as a matter of fact. Accordingly, the separate judgment of conviction and sentence for the aggravated assault must be vacated.

2. Fitzpatrick contends that it was error to admit evidence of his prior attack on Ms. Flowers. The two incidents are virtually identical. Indeed, the only ostensible difference is that Fitzpatrick's previous non-fatal attack upon Ms. Flowers was with a knife, whereas his subsequent fatal attack upon her was with shears. This difference is immaterial to the admissibility of the prior attack as relevant evidence of Fitzpatrick's identity as the perpetrator of the subsequent attack and of his propensity to stab Ms. Flowers while in a jealous rage. *Willis v. State,* 214 Ga. App. 479, 480 (3) (a) (448 SE2d 223) (1994). The evidence was properly admitted as probative of those relevant issues. See *Clark v. State,* 265 Ga. 243, 244 (2) (454 SE2d 492) (1995).

3. Fitzpatrick further urges that it was error to admit the evidence of his prior attack, because the State did not comply with the mandate of Uniform Superior Court Rule 31.3 (B) (Rule) and provide him with such pre-trial notice as included "the name(s) of the victim(s). . . ." The record before us contains a copy of the pre-trial notice apparently provided to Fitzpatrick and, contrary to his assertion, that copy demonstrates full compliance with the Rule, in that it specifically names Ms. Flowers as the victim of Fitzpatrick's prior attack. Moreover, even if the pre-trial notice supplied to Fitzpatrick did not actually name Ms. Flowers as the victim of his prior attack, he nevertheless has shown no prejudice which resulted thereby. The State having provided Fitzpatrick with notice of all the other particulars of his prior attack, its purported failure merely to specify that the victim of that prior attack and of the subsequent attack were one and the same could not have harmed his defense. Compare *Sweatman v. State,* 181 Ga. App. 474 (1) (352 SE2d 796) (1987) (substantial compliance) with *Maxwell v. State,* 262 Ga. 73, 74 (2) (a) (414

SE2d 470) (1992) (non-compliance).

4. Fitzpatrick asserts that it was error to allow a doctor who did not perform the autopsy to give hearsay testimony as to the results of that procedure. The record shows that, although the doctor did not perform the autopsy, she did supervise that procedure and she reviewed the autopsy report before it was issued. In her testimony, the doctor used the autopsy report only to refresh her memory. Accordingly, there was no error. *Moore v. State*, 240 Ga. 807, 816 (10) (243 SE2d 1) (1978); *Singleton v. State*, 193 Ga. App. 778, 782 (9) (389 SE2d 269) (1989).

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997.

*Thomas M. West*, for appellant.

*Paul L. Howard, District Attorney, Carl P. Greenberg, Gina C. Marshall, Angela M. Dannelly, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.