### 46698. HUFF v. WALKER et al.

JORDAN, Presiding Judge. This is an appeal by the Sheriff of Clarke County from an adverse order in money rule proceedings to obtain money seized and held as evidence in pending criminal proceedings against the claimants. *Held:*

1. The motion to dismiss is without merit.

2. Although the order purports to be a ruling on a motion to suppress evidence illegally seized (see Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313) we do not reach a determination of whether such a motion as ordinarily invoked in criminal proceedings with the State as a party is appro-

priate in proceedings of a civil nature such as that here involved, a money rule against a sheriff. The controlling issue is whether under the law before July 1, 1971, a juvenile court probation officer is authorized to obtain and execute a search warrant, and this issue is raised by the pleadings and evidence aliunde the motion to suppress.

3. The stipulated and undisputed facts disclose that a search warrant dated February 24, 1971, was obtained on the affidavit and complaint of a juvenile court probation officer, and directed to him for execution. A search warrant may be issued only upon the written application under oath or affirmation of an officer of the State or its political subdivisions charged with the duty of enforcing criminal laws. Ga. L. 1966, pp. 567, 568, 572 (*Code Ann.* §§ 27-303, 27-314). Under the law in effect before July 1, 1971, juvenile court probation officers had "all the powers of peace officers in any county in the State of Georgia for performing the purpose and executing the orders arising under this Chapter," i.e., the juvenile court laws. Ga. L. 1951, pp. 291, 297 (former *Code Ann.* § 24-2407). For present law, see Ga. L. 1971, pp. 709, 717; *Code Ann.* § 24A-602. Proceedings in a juvenile court are not criminal proceedings. *Robinson v. State,* 227 Ga. 140 (179 SE2d 248). In view of the above we think it is clear that a juvenile court probation officer has no authority to apply for a search warrant. Accordingly, no error appears to the extent that the trial judge by his order recognized that the money was obtained and is being held as the result of a search under an illegal warrant, and it is immaterial to the disposition of the money rule proceedings that the order further purported to sustain a motion to suppress evidence.

*Judgment affirmed. Quillian and Evans, JJ., concur.*
ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 4, 1972.

*John T. Strauss,* for appellant.
*Henritze & Smith, Walter M. Henritze, Jr.,* for appellees.