74007. HOLSTEIN et al. v. THE STATE.
(359 SE2d 360)

BENHAM, Judge.

Appellant John Holstein was convicted of possession of marijuana with intent to distribute, and appellant Ellen Holstein was convicted of possession of marijuana and possession of methamphetamine. On appeal, they assert as error the denial of their motion to suppress and question the evidence establishing the chain of custody of the contraband.

1. Appellants' appeal from the denial of their motion to suppress centers around the trial court's conclusion that Larry Hutson, the officer who applied for the search warrant pursuant to which the Holstein home was searched, was not a certified police officer. Under Georgia law, only a law enforcement officer may successfully apply for a search warrant, for OCGA § 17-5-20 provides: "A search warrant may be issued only upon the application of an officer of this state or its political subdivisions charged with the duty of enforcing the criminal laws. A search warrant shall not be issued upon the application of a private citizen. . . ." Pursuant to OCGA § 35-8-17 (a), "[a]ny peace officer . . . who does not comply with this chapter [concerning certifi-

cation] shall not be authorized to exercise the powers of a law enforcement officer generally and particularly shall not be authorized to exercise the power of arrest." Noncompliance with the conditions of OCGA Ch. 35-8, by the express terms of § 35-8-17 (a), renders the exercise of any powers of a law enforcement officer unauthorized. See *Mason v. State*, 147 Ga. App. 179 (7) (248 SE2d 302) (1978). A peace officer who does not comply with the conditions of certification "is thereby relegated to the status of a private citizen. . . ." *Mason v. State*, supra. While, as a private citizen, a non-complying officer may effect an arrest under certain circumstances (see *Williams v. State*, 171 Ga. App. 807 (1) (321 SE2d 386) (1984), and *Mason v. State*, supra), OCGA § 17-5-20 expressly forbids the issuance of a search warrant on the application of a private citizen. Due to Hutson's lack of certification, he had no authority to apply for a search warrant, and the evidence seized pursuant to the execution of the illegal warrant should have been suppressed. See *Huff v. Walker*, 125 Ga. App. 251 (3) (187 SE2d 343) (1972).

2. In light of the disposition of appellants' initial enumerated error, we need not address the remaining alleged error.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 15, 1987 —
REHEARING DENIED JULY 10, 1987 —

*William T. Elsey*, for appellants.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.