75543, 75714. ROTTENBERG et al. v. THE STATE (two cases).
(361 SE2d 533)

SOGNIER, Judge.

Appellant Harold Rottenberg was convicted of two counts of violating the Georgia Controlled Substances Act by trafficking in cocaine and having cocaine under his control. Appellants Sterling Turpin and Donna Taylor were convicted of violating the Georgia Controlled Substances Act by having cocaine under their control. Appellants have filed a joint appeal from their convictions.

1. In their first enumeration of error in Case No. 75543, appellants contend the trial court erred by denying their motion to suppress evidence. They argue that because the officer who obtained a search warrant was not a certified police officer, he had no authority to obtain a search warrant, and evidence obtained as a result of that warrant was inadmissible.

OCGA § 17-5-20 provides: "A search warrant may be issued only upon the application of an officer of ths state or its political subdivisions charged with the duty of enforcing the criminal laws. A search

warrant shall not be issued upon the application of a private citizen or for his aid in the enforcement of personal, civil, or property rights."

Although the trial court found that Larry Hutson, the officer who applied for the search warrant involved in this case, was not a certified police officer, the trial court denied appellants' motion to suppress. *Holstein v. State*, 183 Ga. App. 610, 611 (359 SE2d 360) (1987), involved co-defendants of appellants here who were tried separately. In *Holstein* we held: "Due to Hutson's lack of certification, he had no authority to apply for a search warrant, and the evidence seized pursuant to the execution of the illegal warrant should have been suppressed." Since the same warrant was involved in both cases, *Holstein* is controlling and is dispositive of the issue raised here. Accordingly, we hold that it was error to deny appellants' motion to suppress, and their convictions based on the admission into evidence of such illegally seized evidence must be reversed.

2. In view of our decision in Division 1, we need not consider appellants' remaining enumerations of error in Case No. 75543.

3. Appellants also filed an appeal from denial of bond in Case No. 75714. In view of our decision in Division 1 reversing appellants' convictions, this issue is now moot.

*Judgment reversed in Case Number 75543. Appeal dismissed in Case Number 75714. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 28, 1987.

*John A. Nuckolls*, for appellants.
*Darrell E. Wilson, District Attorney*, for appellee.