## 45549. SWAIN et al. v. CITIZENS & SOUTHERN BANK OF ALBANY et al.
(372 SE2d 423)

BELL, Justice.

This is a medical malpractice case arising from the death of Dixon H. Swain. The trial court denied the defendants' motion in limine to prevent Swain's widow and stepson from testifying to statements they claim the deceased made to them. The Court of Appeals granted interlocutory review and reversed the trial court's ruling, holding that the statements were inadmissible hearsay. *C & S Bank of Albany v. Swain,* 185 Ga. App. 881 (366 SE2d 191) (1988). We granted a writ of certiorari to consider the admissibility of the testi-

mony of Mrs. Swain and her son. For the reasons that follow, we reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

1. The underlying facts of the case and contentions of the parties, as summarized by the Court of Appeals, are as follow:

> Christine H. Swain, individually and as executrix of the estate of Dixon H. Swain, brought a medical malpractice action against the Citizens and Southern Bank of Albany and Myrtis Rhyne (collectively C & S), the joint executors of the estate of Dr. W. P. Rhyne. C & S moved in limine to exclude certain testimony at trial. The trial court denied the motion, but certified its ruling for immediate review, and we granted C & S's application for interlocutory review.
>
> The record reveals that while being treated for a knee infection in Dr. Rhyne's office, Dixon H. Swain suffered an anaphylactic reaction to an injection of penicillin, from which he never recovered. There is conflicting evidence in the record, in the form of deposition testimony, as to whether Dr. Rhyne had prior knowledge that Dixon Swain was allergic to penicillin. Dr. Rhyne's office assistants testified that notations on the record card for Dixon Swain, indicating "allergic to penicillin," had not been made before Swain's unfortunate reaction to the injection, although the record card also indicates Swain's initial visit to Dr. Rhyne took place some three months before. Appellant and her son testified, however, that Dixon Swain told them he had informed Dr. Rhyne of his allergy to penicillin long before the day in question. It is this testimony which appellants claim is inadmissible.
>
> Appellants contend the trial court erred by denying their motion in limine because the testimony sought to be excluded is hearsay, and is not trustworthy. . . . While conceding that the testimony is hearsay, appellees argue that it should be admitted because both witnesses to the occurrence are deceased, and thus this hearsay testimony is "necessary," it being the only evidence of the transaction. Although appellees correctly point out that OCGA § 24-3-1 (b) provides that "[h]earsay evidence is admitted only in specified cases from necessity," our courts have required that the testimony be trustworthy as well.

*C & S Bank of Albany v. Swain*, supra, 185 Ga. App. at 881-882.

The Court of Appeals proceeded to hold the hearsay testimony in

question was too untrustworthy to be admissible because the propounding witnesses were interested in the outcome of the trial. Id. at 883. Judge Beasley, with three judges joining her, dissented. Although she agreed with the majority that the self-interest of the propounding witnesses was a relevant factor, she argued that it was not determinative. *C & S Bank of Albany v. Swain*, supra, dissent, 185 Ga. App. at 883-887. Both the majority and dissenting opinions applied the case of *Irby v. Brooks*, 246 Ga. 794 (I) (273 SE2d 183) (1980). *Irby*, in turn, applied this court's decision in *Chrysler Motors Corp. v. Davis*, 226 Ga. 221 (173 SE2d 691) (1970). After reconsidering the *Irby* decision, we are of the opinion that it misinterpreted the *Chrysler Motors* precedent, and should be overruled. In *Chrysler Motors*, we said:

> The two underlying reasons for any exception to the hearsay rule are a necessity for the exception *and a circumstantial guaranty of the trustworthiness of the offered evidence* — that is, there must be *something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered* . . . However, *the mere fact that a witness is dead does not render his declarations admissible, although,* if in addition to the death of a witness there are circumstances which attribute verity to his declarations, the hearsay rule may be relaxed to permit the admission of such declaration. [Cits.] (Emphasis supplied.) "It is a general rule that self-serving declarations — that is, statements favorable to the interest of the declarant — are not admissible in evidence as proof of the facts asserted, regardless of whether they were implied by acts or conduct, were made orally, or were reduced to writing. The rule which renders self-serving statements inadmissible is the same in criminal prosecutions as in civil actions. The vital objection to the admission of this kind of evidence is its hearsay character; the phrase 'self-serving' does not describe an independent ground of objection. *Such declarations are untrustworthy; their introduction in evidence would open the door to frauds and perjuries, and the manufacturing of evidence. The fact that the declarant has since died does not alter the general exclusionary rule.*" [Cits.] (Emphasis supplied.) . . . .

*Chrysler Motors Corp. v. Davis*, supra, 226 Ga. at 224-225. As can be seen from the preceding passage, in *Chrysler Motors* this court focused on whether the declaration was self-serving when the deceased made it, holding that it must be excluded if it was self-serving. We did not address the question whether the self-interest of a propound-

ing witness was relevant to the issue of trustworthiness. However, in *Irby v. Brooks*, supra, 246 Ga., we indicated that the interest of the propounding witness was a relevant factor in ascertaining trustworthiness.

We now hold that the *Irby* holding was erroneous in looking to the interest of the witness in determining the trustworthiness of the declarant's statement. We reach this conclusion because circumstances indicating that a witness has an interest in the case, as do Mrs. Swain and her son, should merely go to the credibility of the witness, not to the admissibility of the declarant's statement. As with all questions of witness credibility, opposing counsel has the right to draw the jury's attention to these circumstances through cross-examination of the witness and argument to the jury.

Accordingly, we conclude that the reason given by the majority of the Court of Appeals in reversing the trial court — the self-interest of Mrs. Swain and her son in propounding the alleged declaration of the deceased — was erroneous. We therefore reverse the judgment of the Court of Appeals.

2. Having determined that the self-interest of the propounding witness is not relevant to the admissibility of the declaration in question, there remains to be considered the factor of trustworthiness, under the rule enunciated in *Chrysler Motors*, supra, 226 Ga. See *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) (1987). In her dissent Judge Beasley listed several elements of the record that she felt were circumstantial guarantees of the truthfulness of the declaration when the deceased made it. *C & S Bank of Albany v. Swain*, supra, 185 Ga. App. at 885. After examining the elements we find that taken as a whole they were sufficient to support the trial court's decision to deny the motion to exclude the declaration of the deceased. Accordingly, we affirm the judgment of the trial court denying the motion in limine.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED OCTOBER 5, 1988.

*Freeman & Hawkins, William H. Major III*, for appellants.
*Watson, Spence, Lowe & Chambless, G. Stuart Watson, Stephen S. Goss*, for appellees.