## A89A2253. QUEEN CITY BONDING COMPANY v. STATE OF GEORGIA.

### (390 SE2d 654)

McMurray, Presiding Judge.

Queen City Bonding Company ("Queen City") was bound as surety on appearance bonds for defendant Pedro Pablo Grisanti ("the principal"). The principal failed to appear for trial and an execution hearing was set at which Queen City's defense that the principal's death excused it from performance under the bonds would be considered. See OCGA § 17-6-31. The only evidence presented by Queen City at this hearing was the testimony of two Queen City representatives and an interpreter who testified that they traveled to Caracas, Venezuela, in search of the principal; that they talked with persons who said that they were related to the principal and that these persons told the witnesses that the principal was dead. The trial court found the pertinent testimony of these witnesses, i.e., that they were told by others that defendant was dead, is inadmissible hearsay and subsequently entered final judgment on the forfeited bail bonds. This appeal followed the denial of Queen City's motion for new trial. *Held*:

In its sole enumeration, Queen City contends the trial court erred in excluding the testimony of its witnesses regarding reports they heard of the principal's death. Queen City argues that this testimony was admissible as "original evidence" to explain "the conduct of [the principal] in failing to appear in Court." Alternatively, Queen City argues that this testimony should have been admitted as a matter of "necessity." These arguments are without merit.

The purpose of the excluded testimony was not to explain the witnesses' conduct, but to prove the truth of what the out-of-court declarants had told them, i.e., that the principal was dead. *Glisson v. State*, 188 Ga. App. 152, 153 (2) (372 SE2d 462). Further, the "necessity" exception to the hearsay rule does not apply in the case sub judice as it was not shown that the out-of-court declarants were unavailable to testify. See *Glisson v. State*, 188 Ga. App. 152, 153 (2), 154, supra. Finding no other exception to the hearsay rule which brings vitality to the challenged testimony, we find that the trial court did not err in excluding said evidence and entering judgment on the forfeited bonds.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur specially.*

Beasley, Judge, concurring specially.

I concur except for the reasoning with respect to the "necessity" exception.

The rule of evidence in OCGA § 24-3-1 (b) is that "[h]earsay evidence is admitted only in specified cases from necessity." *Glisson v.*

*State*, 188 Ga. App. 152, 154 (2) (372 SE2d 462) (1988), the case cited by the majority, speaks of legal unavailability as usually occasioned by death or when the witness may not be compelled to testify. Here the witnesses are not dead but they may not be compelled to testify because they are far beyond the subpoena powers of the court. OCGA §§ 24-10-21 and 24-10-29.

Even if appellant had established necessity based on their refusal to come voluntarily or some other explanation, the hearsay would not have been admissible because of its lack of trustworthiness. *Swain v. C & S Bank of Albany*, 258 Ga. 547 (372 SE2d 423) (1988). From what the in-court witnesses related, the foreign witnesses' testimony would have been founded totally on hearsay. None of them had any direct knowledge of the principal's death. All, being relatives, had an interest in preserving the principal from the bondsman if their kinsman were alive.

It is highly questionable whether, even if the foreign witnesses had been present in court and thus subject to the oath and to cross-examination, their testimony as to the fact of the principal's death, offered under OCGA § 24-3-12, would have survived a challenge of hearsay because of the nature of that testimony. Their "unavailability" does not diminish its hearsay quality.

I am authorized to state that Chief Judge Carley joins in this special concurrence.

DECIDED FEBRUARY 7, 1990.

*Douglas E. Smith*, for appellant.
*C. Andrew Fuller, District Attorney, David C. Turk III, Lee Darragh, Assistant District Attorneys*, for appellee.