## S92A0177. WHITE v. WHITE.
### (415 SE2d 467)

BENHAM, Justice.

Appellee Doris White, the sister of the decedent, appealed to superior court from the probate court's order which denied her caveat to the purported will of her brother, admitted said purported will to probate, and appointed appellant Betty Jo White, the decedent's former wife, as executrix of the purported will which left the entire estate to Betty Jo White. The ensuing jury trial resulted in a verdict that the purported will was not the last will and testament of the decedent. Betty Jo White brings this appeal from the judgment entered on that jury verdict.

In her sole enumeration of error, appellant claims the trial court committed reversible error by failing to sustain hearsay objections to the testimony of a witness concerning what the decedent had told her several times prior to his death concerning his intent to devise certain properties to his sister.

"Hearsay evidence is admitted only in specified cases from necessity." OCGA § 24-3-1 (b). Necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence are the two underlying reasons for an exception to the hearsay rule. *Swain v. C & S Bank of Albany,* 258 Ga. 547 (372 SE2d 423) (1988); *Chrysler Motors Corp. v. Davis,* 226 Ga. 221, 224 (173 SE2d 691) (1970). See also *Higgs v. State,* 256 Ga. 606 (5) (351 SE2d 448) (1987). A decedent's declaration, when coupled with circumstances which attribute verity to the decedent's declaration, is admissible. Id. Here, the decedent's declaration within two weeks of his death that he intended to provide a home for his sister was not self-serving; was something he had repeated over the years to the propounding witness; and was a statement upon which he had taken action by providing a home for his sister with him when he was not married and with him and his first wife for a number of years during their marriage.

After reviewing the transcript and evidence, we cannot say that the trial court abused its discretion in admitting the testimony as an exception to the rule against hearsay. See *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 9, 1992.

*White & Draffin, Thomas H. Draffin,* for appellant.
*Douglas W. Alexander,* for appellee.