A95A2055, A95A2056. FENIMORE v. THE STATE (two cases).
(463 SE2d 55)

BEASLEY, Chief Judge.

An indictment was returned against Fenimore charging him with multiple counts of financial transaction card fraud (OCGA § 16-9-33 (f)) based on allegations that between December 24, 1992, and January 4, 1993, he had remitted for payment amounts totaling approximately $42,000 for sales not made by the cardholder Ferguson. He was convicted of all counts.

In Case No. A95A2055, he appeals the denial of his motion for new trial, and in Case No. A95A2056, he appeals the denial of his motion for bond pending post-trial relief. He has requested expedited consideration, to which he is entitled because he is incarcerated. OCGA § 5-6-43 (c).

The evidence showed that during the time in question, Fenimore owned a bar featuring adult entertainment. Ferguson, a regular customer, was an active alcoholic who was going through a divorce and was under the care of a psychiatrist. Exorbitant amounts were charged at the bar to Ferguson's corporate credit card. Prior to trial, he committed suicide.

At the commencement of the trial, the State sought to invoke OCGA § 24-3-1 (b)'s unavailable-witness exception to the hearsay rule as a basis for admitting transcripts of taped statements made by Ferguson. These were created during interviews by a sheriff's department investigator and assistant district attorney on February 26, 1993, and again by the investigator on March 23. Fenimore objected on grounds that the statements were self-serving and not sufficiently trustworthy. The court overruled the objection, stating that the weight and credit to be given such evidence is a question for the jury.

Before each interview, Ferguson was given *Miranda* warnings by the investigator. During the first interview, he stated that he did not spend as much money at the bar as appeared on the charge slips and that on various of the charge slips his signature had been forged and numbers had been altered. During the second interview, Ferguson was informed that statements he had made in the prior interview had been verified by employees of the bar.

At trial, these employees testified that when Ferguson would come into the bar and "run a tab," Fenimore would calculate the amount owed. According to these employees, Fenimore would place charges on the card far in excess of the amounts Ferguson had authorized or spent, and he would also alter the amounts of the charges. They testified that when Ferguson signed the charge slips, he was extremely intoxicated, that he signed some charge slips which were in blank, and that some of the signatures on the charge slips were markedly different from Ferguson's.

Ferguson was terminated from his employment because of his misuse of the corporate credit card. His job supervisor testified that Ferguson approached him about the charges, because they were far beyond what Ferguson remembered spending at the bar and he was not financially able to pay them. This conversation occurred prior to the taped statements.[1] According to the supervisor, Ferguson was in-

---

[1] Although defendant objected at trial without avail to the admission of Ferguson's hear-

structed that the credit card had been issued to him to pay for business-related travel expenses. An employee could use the card for personal expenses, however, without submitting a request for reimbursement. Ferguson had not sought reimbursement for the charges he had incurred at Fenimore's bar and was personally liable for them.

Fenimore testified that Ferguson had used the credit card at the bar to spend exorbitant amounts on drinks and tips and that he had received large amounts of cash through the purchase of gift certificates. He denied forging or altering credit card slips or having Ferguson sign slips in blank.

In his sole enumeration of error, Fenimore contends that the court erred in admitting the hearsay declarations made by Ferguson to the law enforcement authorities because there were insufficient guarantees of trustworthiness.

"The two prerequisites for the admission of hearsay because of necessity are 1) necessity, and 2) particularized guarantees of trustworthiness. [Cit.]" *Roper v. State*, 263 Ga. 201, 202 (2) (429 SE2d 668) (1993).

The first prerequisite is satisfied since the victim is deceased.

As to the second, the declaration is admissible "only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." (Footnote omitted.) *Ohio v. Roberts*, 448 U. S. 56, 66 (100 SC 2531, 65 LE2d 597) (1980). In *Idaho v. Wright*, 497 U. S. 805 (110 SC 3139, 111 LE2d 638) (1990), "[t]he Court held that a finding of trustworthiness must be based on a consideration of the totality of the circumstances, but that 'the relevant circumstances include only those that surround the making of the statement and that render the declarant worthy of belief.' Id. 497 U. S. at [819]. . . . The standard is whether 'the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility.' Id. at [820]." *United States v. Accetturo*, 966 F2d 631, 634 (11th Cir. 1992). " '[T]here must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered. . . .' [Cits.]" (Emphasis omitted.) *Higgs v. State*, 256 Ga. 606, 607-608 (3) (351 SE2d 448) (1987). The Supreme Court early grounded the exception on "the extreme improbability of [the statement's] falsity." *Massee-Felton Lumber Co. v. Sirmans*, 122 Ga. 297, 299 (50 SE 92) (1905).

---

say statements to his employer, the issue is not raised on appeal. Consequently, we do not decide it.

The State submits that five indicia of reliability justified admission: (1) Ferguson's statements to his job supervisor were admissible as declarations against his pecuniary interest in continued employment, OCGA § 24-3-8, and any other statements he made about these credit card charges were admissible since they were intertwined with these admissions against interest; (2) he consistently denied authorizing the amounts and in some cases the existence of the charges at issue; (3) he did not directly point the finger of blame at Fenimore, and where he had no knowledge as to Fenimore's involvement, he freely admitted such lack of knowledge; (4) he knew that his assertions about these matters would be further investigated; and (5) the manner of questioning was not leading or suggestive.

Ferguson's denials to law enforcement personnel that he had authorized the charges in the amounts appearing on the credit card slips were not admissible as intertwined with his admission to his job supervisor that he had authorized charges but only in lesser amounts. Even if the employment-related statement was at bottom an admission against interest, it was separate from, independent of, and not entangled with the statements made by him to the law enforcement authorities. There was no bridge on which to export to the latter that higher degree of trustworthiness that does not require the opportunity for cross-examination. Compare *Massee-Felton Lumber Co. v. Sirmans*, supra, where unfavorable aspects preponderated against favorable aspects so as to allow admission of the decedent's declaration. Even if the statements to the employer met the balancing test of *Massee-Felton*, the lack of relation to the other statements precludes admissibility.

Ferguson made the latter statements in the course of being interviewed while a suspect in a criminal investigation. Ferguson could have been held criminally responsible, as well as civilly liable, if he had authorized the credit card charges. His denial that he had authorized them was in both his pecuniary and penal interest and was thus self-serving. "It is a general rule that self-serving declarations — that is, statements favorable to the interest of the declarant — are not admissible in evidence as proof of the facts asserted. . . . The rule which renders self-serving statements inadmissible is the same in criminal prosecutions as in civil actions." *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224-225 (1) (173 SE2d 691) (1970); compare *White v. White*, 262 Ga. 168 (415 SE2d 467) (1992); *Swain v. C & S Bank of Albany*, 258 Ga. 547, 548 (1) (372 SE2d 423) (1988).

Moreover, there are contradictions in Ferguson's first and second statements to the authorities concerning the amounts he spent at the bar. See *Mallory v. State*, 261 Ga. 625, 628 (2) (409 SE2d 839) (1991). In addition, one of the employees who testified on behalf of the State contradicted statements by Ferguson as to when he was at the bar as

well as how much he had spent. Furthermore, Ferguson told the authorities that he had not conversed with anyone at his company with regard to the intended use of the credit card; his job supervisor denied this.

The totality of the circumstances surrounding Ferguson's statements to the authorities leave truthfulness in doubt. The State did not carry its burden of showing that these hearsay statements contain circumstantial guarantees of trustworthiness, and the court erred in admitting them.

Although Ferguson's hearsay statements are corroborated to a degree by the testimony of other witnesses, "the presence of corroborating evidence does not support a determination that a statement possesses sufficient indicia of reliability; instead, such corroborating evidence 'more appropriately indicates that any error in admitting the statement might be harmless. . . .' *Idaho v. Wright*, [supra]." *Roper*, supra at 203, n. 2. The State does not argue, and we do not find, harmless error. It is true that, as in *Mallory*, supra at 628, "without the admission the evidence adduced at trial is sufficient to support the verdict of guilty under the standard announced in *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Nevertheless, we cannot say[, applying the test in *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976),] that this inadmissible hearsay evidence did not influence the jury in reaching its verdict." We reach this conclusion cognizant of the fact that our ruling does not eliminate the deceased's statements to his employer.

Because we have decided the main appeal, the appeal from the denial of bond pending post-trial relief is moot. *Rottenberg v. State*, 184 Ga. App. 331, 332 (3) (361 SE2d 533) (1987).

*Judgment reversed in Case No. A95A2055. Appeal dismissed in Case No. A95A2056. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 16, 1995 — ▆▆▆▆▆▆▆▆

*Michael C. Garrett, K. Emerson Gilliard*, for appellant.
*Daniel J. Craig, District Attorney, Nancy J. Berger, Charles R. Sheppard, Assistant District Attorneys*, for appellee.