## A97A1291. STROEINING v. THE STATE.
### (486 SE2d 670)

ELDRIDGE, Judge.

Michael Alan Stroeining was indicted for one count of aggravated child molestation, one count of rape, two counts of child molestation, and one count of false imprisonment. A Cherokee County jury found appellant guilty of one count of child molestation in that appellant did "immoral and indecent acts to and in the presence of [the victim], a child under the age of fourteen (14) years, by showing said child a videotape depicting sexual relations between males and females, said acts having been done with the intent to arouse and satisfy the sexual desires of said accused"; appellant was acquitted of the other offenses with which he was charged. We affirm appellant's

conviction.

In the trial of the case sub judice, the then 12-year-old victim testified that in the living room of the trailer in which she lived, her stepfather, appellant, forced her to watch videotapes with "[p]eople having intercourse and oral sex"; upon further questioning by the prosecutor, the victim provided a brief description of the acts on the tapes that constituted sexual intercourse and oral sex. The victim also testified that when she tried to leave the living room, the appellant forced her to sit and watch the films. Other witnesses testified, on behalf of the State and the defense, regarding the presence of sexually explicit videotapes in the appellant's home. Finally, when initially confronted by the victim's father with the victim's allegations against him, appellant's denial included the statement, "No. I did not touch your daughter. All we did is watched [sic] fuck movies."

1. In his first enumeration of error, appellant contends that the State failed to prove that the videotapes shown to the victim were "obscene" and thus, "harmful" to minors under the definitions provided in OCGA § 16-12-102 (1). Therefore, appellant argues, simply proving that appellant showed the victim sexual videotapes, tapes that he has a First Amendment right under the Constitution to possess and view, is insufficient as a matter of law to demonstrate that appellant did "an immoral or indecent" act so as to sustain a conviction for child molestation pursuant to OCGA § 16-6-4. We do not agree.

Under OCGA § 16-12-101 et seq., the legislature attempts to protect minors from harmful materials and to deter those whose intent it is to sell, exhibit, or disseminate these harmful materials to minors for profit. OCGA § 16-12-101. The focus is on the *materials*, themselves, because the "protection of minors from harmful materials [is] in the best interest of the morals and general welfare of the citizens of this state in general and of minors in this state in particular." OCGA § 16-12-101. Accordingly, deciding what constitutes "harmful" materials becomes all important in balancing the above public policy interests with an adult's First Amendment right under the United States Constitution and Art. I, Sec. I, Par. V, of the Georgia Constitution to: (1) possess materials that might otherwise be deemed "harmful" to minors; and (2) sell, exhibit or distribute such material for profit. OCGA § 16-12-103; see *Hunter v. State*, 257 Ga. 571 (361 SE2d 787) (1987). The definitions cited by appellant under OCGA § 16-12-102 (1) determine what materials are "harmful" to minors for purposes of proving a violation of that statute.

On the other hand, our child molestation statute prohibits any "immoral or indecent" *act* done to or in the presence of a minor with the *intent* to "arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4. This crime is a joint operation of act and

intent. OCGA § 16-2-1. The focus is on the adult's action toward the child in relation to the motive for the action; whether said action is "immoral or indecent" is a jury question that may be determined in conjunction with the intent that drives the act. *McCord v. State*, 248 Ga. 765, 766 (285 SE2d 724) (1982); *Cornelius v. State*, 213 Ga. App. 766 (445 SE2d 800) (1994); *Davidson v. State*, 183 Ga. App. 557, 558 (3) (359 SE2d 372) (1987). Clearly, there are no constitutional protections afforded one whose actions toward a minor are motivated by the prohibited intent.

Thus, in the case before us, the precise contents of the sexually explicit videotapes and whether the tapes, themselves, would be deemed "obscene" or "harmful" to the victim under the definitions provided in OCGA § 16-12-102 (1) are irrelevant considerations, since our child molestation statute, OCGA § 16-6-4, was not designed to protect the victim from the contents of appellant's prurient videotapes, but from the actions of appellant.[1]

In the instant case, the jury decided that appellant committed the immoral or indecent act of showing a sexually explicit videotape to his minor stepdaughter with the intent to arouse or satisfy his own sexual desires. We find the evidence to be sufficient to support appellant's conviction. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. For the reasons outlined in Division 1 herein, the trial court did not err in refusing to charge the jury on the definitions of "obscene" materials pursuant to OCGA § 16-12-102 (1).

3. Appellant next asks us to inquire "[c]an the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective. If the indictment is fatally defective, the sufficiency of the indictment can be questioned by general demurrer or by motion in arrest of judgment." (Citations and punctuation omitted.) *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977). Appellant contends that the trial court erred in denying his motion in arrest of judgment because he could admit that count of the indictment for which he was convicted and not be guilty of a crime; appellant argues that showing sexually explicit videotapes is not an indecent or immoral act since the material is protected under the First Amendment of the Constitution.

Appellant's argued "admission" is peculiarly selective in that it is

---

[1] Notably, appellant's actions illustrate the classic situation of attempting to do by indirection what one is prohibited from doing directly. If one can satisfy the elements of our child molestation statute by performing sexually explicit acts in front of a child in order to satisfy one's sexual desires, then to show a child a videotape of one's performance of the same acts, for the same purpose, would also satisfy the statute's proscriptions. Thus it follows that, under these same circumstances, to utilize a surrogate, i.e., the "x-rated" films of others, would also satisfy the statute.

centered on his right to possess and view the videotapes, rather than what he did with the tapes as alleged in the indictment. Appellant's admission to the count of the indictment for which he was convicted would be an acknowledgment that he showed sexually explicit videotapes *to a minor* with the *intent* of satisfying his own sexual desires. Accordingly, regardless of appellant's constitutional right to possess and personally view "x-rated" videos, we conclude that an admission of the act and intent alleged in the indictment would be sufficient to find appellant guilty of the crime of child molestation, and we decline to hold that First Amendment "free speech" concerns extend to protect appellant from prosecution for this type of conduct.

4. Because we have decided the main appeal, the appeal from the denial of bond pending post-trial relief is moot. *Rottenberg v. State*, 184 Ga. App. 331, 332 (3) (361 SE2d 533) (1987).

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED MAY 9, 1997.

Before Judge Gault.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.

*Garry T. Moss, District Attorney, Rachelle L. Strausner, Assistant District Attorney*, for appellee.