A96A2023, A96A2024. STAR GAS OF HAWKINSVILLE, INC.
v. ROBINSON; and vice versa.
(484 SE2d 266)

ANDREWS, Chief Judge.

This case arose as the result of the death of Annette Robinson, wife of Eddie Lee Robinson and mother of three minor children. Mrs. Robinson died, and Mr. Robinson and the children became extremely ill, due to carbon monoxide poisoning from a gas space heater. Mr. Robinson brought this action against Star Gas, supplier of the liquid propane gas for the heater, for negligent failure to warn and failure to inspect the gas heater and against the hospital and physicians at the emergency room where the Robinsons were treated the night before the fatal accident.

Star Gas denied installing or inspecting the space heater and claimed the Robinsons were contributorily negligent in that they changed the adjustment of the air shutter on the heater, causing it to give off carbon monoxide gas, and covered the doors and windows with plastic, despite the warning label on the heater concerning the need for ventilation.

The case was first tried in June 1994, and resulted in a mistrial. The jury was unable to reach a verdict as to Star Gas, the hospital, and the doctor who treated Mr. and Mrs. Robinson the night before the accident and failed to diagnose carbon monoxide poisoning. The doctor who treated the children was found not liable.

The second trial also resulted in mistrial as to the doctor and hospital. The jury found in favor of the Robinsons against Star Gas, but also found that Eddie Lee and Annette Robinson were 49 percent negligent and Star Gas was 51 percent negligent. They awarded damages as follows: $4,157.25 to Eddie Lee Robinson as surviving spouse, $5,000 to Eddie Lee Robinson as administrator of the estate of Annette Robinson, $2,096.81 to Eddie Lee Robinson, individually, and $50,000 to each of the three children. The jury awarded no punitive damages.

Both sides now appeal. Star Gas claims the trial court erred in failing to give several requests to charge and in determining the admissibility of evidence. Mr. Robinson appeals the $4,157.25 jury award to him as surviving spouse, claiming it is inconsistent with the remainder of the verdict and the evidence presented at trial. Because we find no reversible error, we affirm the judgment of the trial court.

## Case No. A96A2023

In Case No. A96A2023, Star Gas appeals from the judgment, claiming the trial court erred in failing to give Star Gas' requests to charge on respondeat superior, apparent agency, and assumption of the risk, in allowing hearsay testimony of the decedent, and in barring the testimony of an expert witness.

1. First, Star Gas contends the trial court erred in refusing to give its requested jury charges on respondeat superior and apparent agency. The trial court found there was no evidence introduced at trial from which the jury could conclude that the Star Gas serviceman was not acting within the scope of his employment at all times when he called at the Robinsons' house. Further, Star Gas does not cite us to anywhere in the record, nor do we find, any evidence that the serviceman was acting outside the scope of his employment.

"In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Citations and punctuation omitted.) *Lee v. Bartusek*, 205 Ga. App. 551 (422 SE2d 570) (1992). Here, the charges complained of were not adjusted to the evidence. Accordingly, the trial court did not err in refusing to give Star Gas' requests to charge nos. 43, 44 and 45.

2. Star Gas also argues the trial court erred in refusing to charge on assumption of the risk. Although Star Gas presented evidence that Mr. Robinson installed the space heater himself, put plastic over the windows despite the warning on the heater of the need for ventilation, and maladjusted the air shutter mechanism on the heater, the trial court correctly found that this evidence raised the issue of contributory negligence, not assumption of the risk.

"[A]ssumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of reasonable conduct, however unwilling or protesting the plaintiff may be." (Citation and punctuation omitted.) *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 824 (409 SE2d 524) (1991). Here, Star Gas points to no evidence introduced at trial from which a jury could conclude that the Robinsons were aware of the danger of carbon monoxide poisoning from the heater and yet decided to assume the risk of that

danger. Accordingly, the trial court did not err in refusing to give the requested charge. *Lee*, supra.

3. Next, Star Gas claims the trial court erred in denying its motion to amend the pretrial order to add a third expert witness. Star Gas filed a supplemental pretrial order two weeks before the specially set case, requesting permission to add another expert witness in addition to the two already named, plus two additional fact witnesses. The trial court allowed the addition of the fact witnesses, but refused to add a third expert witness, noting that this case had already been tried once over a year ago and had been specially set for months with no attempt by either party to amend the pretrial order until two weeks before trial.

"The pretrial order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." (Citations and punctuation omitted.) *Nease v. Buelvas*, 198 Ga. App. 302, 303 (401 SE2d 320) (1991). The decision whether or not to allow a party to introduce at trial the testimony of a witness not named in the pretrial order is left to the sound discretion of the trial court. Id.

Here, Star Gas has shown no "manifest injustice" as a result of the trial court's refusal to allow it to add a third expert witness. Unlike the appellants in *Minnick v. Lee*, 174 Ga. App. 182 (329 SE2d 548) (1985), upon which Star Gas relies, it has not shown that it suddenly discovered a prospective witness whose testimony was vital to its case. Id. "The burden is on the party seeking to amend the order to show lack of laches or lack of unexcusable delay in presenting the issue to the court." *Ga. Ports Auth. v. Southeast Atlantic Cargo &c.*, 202 Ga. App. 318, 320 (414 SE2d 232) (1991). Accordingly, the trial court did not abuse its discretion in refusing to allow the addition of another expert witness just prior to trial.

4. In its last enumeration of error, Star Gas claims the trial court erred in allowing the hearsay testimony of Eddie Lee Robinson as to statements made by the decedent, Annette Robinson. The testimony objected to was statements Annette made to her husband concerning the visits to their home of the Star Gas serviceman, Tim Pittman. On appeal, Star Gas cites only to Annette's statement to her husband that Tim Pittman installed the heater.[1] Star Gas did not make a contemporaneous objection to the testimony complained of on appeal, but instead made a motion to strike at the close of Mr. Robinson's direct testimony.[2] Also, Star Gas did not specifically object at trial to

---

[1] Tim Pittman testified at trial that he did not install the heater for the Robinsons.

[2] The Supreme Court of Georgia has disallowed the use of a motion to strike when objecting to evidence and held that, with the exception of evidence that is inadmissible because it was obtained in violation of a criminal defendant's constitutional rights, a party

the statement complained of on appeal, but argued generally that Mrs. Robinson's hearsay testimony concerning the serviceman's visits should be excluded.

Star Gas argued the testimony was inadmissible because the statements were self-serving and were offered by a witness who stood to gain financially from the case. Plaintiffs contended the hearsay testimony should be admitted as Mr. Robinson worked during the day and the only person in the family who was at home when the serviceman came was Mrs. Robinson.

"The two underlying reasons for any exception to the hearsay rule are a necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered." *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224 (173 SE2d 691) (1970). "A decedent's declaration, when coupled with circumstances which attribute verity to the decedent's declaration, is admissible." (Citation omitted.) *White v. White*, 262 Ga. 168 (415 SE2d 467) (1992). A trial court's decision to admit testimony as an exception to the hearsay rule will not be disturbed absent a finding of abuse of discretion. Id.

The trial court correctly denied Star Gas' motion, relying on *Swain v. C & S Bank of Albany*, 258 Ga. 547, 550 (372 SE2d 423) (1988). *Swain* overruled *Irby v. Brooks*, 246 Ga. 794 (1) (273 SE2d 183) (1980), relied on by Star Gas, holding that *Irby* was erroneous in looking to the interest of the witness in determining the trustworthiness of the declarant's statement. *Swain* at 550. Circumstances indicating that a witness has an interest in the case go to the credibility of the witness, not the admissibility of the hearsay. Id.

Here, there was evidence that the Star Gas serviceman did visit the Robinson house several times during the period before the accident, perhaps in a "gas out" situation which would have necessitated an inspection of the space heater. Also, there is no showing that any of Annette Robinson's statements concerning her dealings with the serviceman were self-serving when made to her husband. Accordingly, there was sufficient indicia of trustworthiness to substitute for the oath of the declarant and her cross-examination. *Chrysler*, supra. The trial court did not abuse its discretion in allowing the testimony.

---

must now make a contemporaneous objection in order to preserve the issue for appeal. *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 271 (476 SE2d 722) (1996). The Supreme Court appears to have made the new rule prospective, however, stating: "we henceforth disallow the use of those types of motions to strike approved in *Patton* [*v. Bank of LaFayette*, 124 Ga. 965, 974-975 (53 SE 664) (1906)] except under the limited circumstance set forth herein." *Sharpe*, supra at 267. Accordingly, the issue was preserved for appeal.

## Case No. A96A2024

In Case No. A96A2024, Eddie Lee Robinson cross-appeals, claiming the trial court erred in denying his motion for new trial on the issue of damages. Robinson appeals only one damage award, the $4,157.25 awarded to him on his wrongful death claim as surviving spouse. He claims the court should have granted his motion for new trial because, under OCGA § 51-12-12 (b), the jury's award is so inadequate as to be inconsistent with the preponderance of the evidence introduced at trial as to the full value of Annette Robinson's life.

Specifically, Robinson contends the amount awarded has the effect of reducing the amount of damages for contributory negligence twice in contravention of the court's instruction. The court charged the jury as follows: "as to any percent of contributory negligence which you may have found as to Eddie Robinson and/or Annette Robinson, you are not to reduce the amounts awarded to them below. Any reduction will be made by the Court after you return your verdict." Robinson claims the award is so low the jury must have reduced it because they believed the Robinsons were contributorily negligent. Therefore, to further reduce it by 49 percent results in a second reduction for contributory negligence. We disagree.

In the absence of clear evidence to the contrary, qualified jurors, under oath, are presumed to follow the instructions and procedural directives of the trial court. *Dykes v. State*, 191 Ga. App. 879, 880 (383 SE2d 210) (1989). Further, it is well-settled under Georgia law that where comparative negligence is involved under the pleadings and the evidence, a verdict cannot be set aside properly on the grounds that it was inadequate. See, e.g., *Beringause v. Fogleman Truck Lines*, 209 Ga. App. 470 (433 SE2d 398) (1993); *Palo v. Meisenheimer*, 199 Ga. App. 24 (403 SE2d 881) (1991).

Accordingly, the jury award on the wrongful death claim could be the result of the jury's finding that both parties were at fault, the Robinsons only slightly less so than Star Gas. While it is unusual that this award is the same as the amount of the medical and funeral expenses, we cannot say, as a matter of law, that this is due to jury mistake. Even ambiguous verdicts must be upheld if possible. See, e.g., *Harrison v. Martin*, 213 Ga. App. 337, 340 (444 SE2d 618) (1994).

*Bunch v. Mathieson Drive Apts.*, 220 Ga. App. 855 (470 SE2d 895) (1996), relied on by Robinson, is not to the contrary. In *Bunch*, this Court based its holding on the fact that the verdict and damages were "inexplicable" and too uncertain to uphold. Id. at 858. In that case, the jury left blank the box finding for the defendant and entered "0" on the line for an award to the plaintiff for wrongful death, yet awarded 100 percent of the funeral expenses. Accordingly,

the court could only speculate as to what legal principles the jury was applying. Id. at 860. The court noted that a small amount of damages could be justified by a finding of comparative negligence, but felt the zero award on the wrongful death claim seemed to indicate the jury may have found the plaintiff equally negligent or more negligent than the defendant. Id. at 858.

Here, the verdict itself, as outlined above, is neither too uncertain nor so inexplicable that the trial court abused its discretion in denying the motion for new trial. "An excessive or inadequate verdict constitutes a mistake of fact rather than of law. It addresses itself to the discretion of the trial judge who saw the witness and heard the testimony. This court is a court for the correction of errors of law only, and this court's jurisdiction is confined to the question of whether the trial court abused its discretion in overruling the motion for a new trial on this ground." (Punctuation omitted.) *Peterson v. First Franklin Financial*, 201 Ga. App. 849, 850 (412 SE2d 612) (1991) (quoting *Seaboard Coast Line R. Co. v. Towns*, 156 Ga. App. 24, 26 (274 SE2d 74) (1980)).

*Judgments affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 5, 1997 —
RECONSIDERATION DENIED MARCH 19, 1997 — 

*Carr, Tabb & Pope, W. Pitts Carr, Render C. Freeman*, for appellant.

*W. McMillan Walker*, for appellee.