## A01A1168. PRICE v. THE STATE.
### (556 SE2d 168)

BLACKBURN, Chief Judge.

Following a jury trial, William Price appeals his conviction for child molestation, arguing that: (1) the evidence was insufficient to support the jury's verdict of acquittal; (2) the trial court erred by denying his motion for a directed verdict; and (3) the conviction was based on inadmissible evidence. For the reasons set forth below, we affirm.

1. Price claims that the evidence is insufficient to support his conviction for child molestation. We disagree.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Price] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State*.[1] See *Jackson v. Virginia*.[2]

Viewed in this light, the evidence shows that Lisa White lived in a house with her four children and her roommate Ronald Bradshaw. On December 9, 1999, White left her ten-year-old daughter with Price (whom she knew as a friend) while she went out for the evening. Sometime after White left, Bradshaw came home and was joined by his brother and two friends. The men remained outside of

---

[1] *Ryals v. State*, 238 Ga. App. 578 (519 SE2d 505) (1999).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the house, standing around and talking about work.

Bradshaw went inside to put some beer away in the refrigerator and noticed Price and the victim sitting on the couch next to each other listening to the radio. Feeling suspicious of Price's behavior, Bradshaw adjusted the blinds in the kitchen before he rejoined his friends so that he could see Price and the victim from outside the house.

Soon thereafter, Bradshaw and his companions went to the window and looked through the blinds. The men saw Price sitting on the floor in front of the victim, with one arm around her cradling her buttocks and one of his hands on the victim's inner thigh; Price was hugging and attempting to kiss the victim. When Price saw the men looking at him, he closed the kitchen blinds. The four men immediately ran inside, confronted Price, and told him to leave. Investigators later questioned the victim, and she told them that Price had hugged her and attempted to kiss her.

OCGA § 16-6-4 (a) provides: "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

When initially questioned, the victim denied that anything had happened; however, she then acknowledged that Price had touched her, hugged her, and attempted to kiss her on her mouth. There were four eyewitnesses who testified that they observed Price touching the victim's inner thigh and buttocks area.[3] The evidence was sufficient to support the jury's verdict under the standard set forth in *Jackson*, supra.

Price contends that the evidence did not support his conviction because there was no evidence that the victim was hurt. Force or injury is not a necessary element of the crime of child molestation. *House v. State*.[4] Therefore, the State had no duty to establish injury, and this enumeration is without merit.

2. Price enumerates as error the trial court's denial of his motion for directed verdict of acquittal, arguing that the State failed to prove that Price engaged in any "immoral or indecent" act and that Price did not have the "intent to arouse" or satisfy sexual desires within the meaning of OCGA § 16-6-4 (a). Specifically, Price contends that there was no evidence that he touched any sexual body part of the minor child. Contrary to Price's contentions, there was eyewitness testimony that he touched the ten-year-old victim's inner thigh and

---

[3] Corroboration is not required for a conviction of child molestation. *Sewell v. State*, 244 Ga. App. 449, 451 (1) (c) (536 SE2d 173) (2000).

[4] *House v. State*, 236 Ga. App. 405, 410-411 (512 SE2d 287) (1999).

buttocks area and that he hugged and attempted to kiss her. This evidence is sufficient to support the verdict, and his intent could have been inferred by the jury from his conduct.

The evidence was sufficient to support the trial court's decision to allow the case to go to the jury. Whether Price's actions constituted child molestation was a jury question, and the jury has answered it. *Stroeining v. State*;[5] *Grimsley v. State*.[6] The evidence supported the verdict, and the trial court did not err in its ruling.

In any event, "[a] directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or 'not guilty.'" (Punctuation omitted; emphasis in original.) *Duckworth v. State*.[7]

3. Finally, Price argues that the verdict was based upon "inadmissible hearsay, irrelevant evidence and emotion, rather than facts and law." Specifically, Price claims that the admission of the following testimony from Christopher Hayes (a friend of Bradshaw's) constitutes reversible error: "Q: I'm sorry. What did you say? A: I say, what I saw upset me. Q: And why did it upset you? A: You just don't touch young'uns. You got to be sick if you do." No objection was made to this testimony at trial, and the trial court was not called upon to rule on its admissibility. There is therefore nothing for this court to review. *Murray v. State*;[8] *Buice v. State*;[9] *Hall v. State*.[10]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 2, 2001.

*John P. Cannon*, for appellant.

*Kenneth B. Hodges III, District Attorney, Jennifer A. Green, Assistant District Attorney*, for appellee.

---

[5] *Stroeining v. State*, 226 Ga. App. 410, 412 (1) (486 SE2d 670) (1997).

[6] *Grimsley v. State*, 233 Ga. App. 781, 784 (1) (505 SE2d 522) (1998).

[7] *Duckworth v. State*, 223 Ga. App. 250, 254 (3) (477 SE2d 336) (1996).

[8] *Murray v. State*, 271 Ga. 504, 506 (5) (521 SE2d 564) (1999).

[9] *Buice v. State*, 239 Ga. App. 52, 56 (2) (520 SE2d 258) (1999).

[10] *Hall v. State*, 219 Ga. App. 871, 873 (2) (a) (467 SE2d 206) (1996).