## A02A1375. JACKSON v. THE STATE.
### (574 SE2d 420)

MIKELL, Judge.

A DeKalb County jury found Chartisia Jackson guilty of two counts of armed robbery, two counts of aggravated assault, and one count of kidnapping. Jackson claims the trial court erred in allowing the state to introduce the hearsay testimony of Camara Griffin, Jackson's boyfriend, under the necessity exception to the hearsay rule. For the reasons set forth below, we disagree and affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict.[1] So viewed, the record shows that in the early evening of July 15, 2000, Suzanne Patrick was sitting alone in her vehicle in a mall parking lot in Atlanta, eating dessert and reading. Two young women knocked on the driver's side window and explained that they needed help because their wallets had been stolen and they had no money to get home. Patrick decided to help by driving them to the nearest MARTA station and giving them money to take the train. One woman, whom Patrick identified in court as Jackson, got into the passenger's side of the vehicle; the other woman, Andrea Shanks, who testified at trial as a witness for the state, got into the backseat. While Patrick was driving to the train station, Jackson told her to turn right or Shanks, who had a gun, would "blow her brains out." Patrick turned into an empty parking lot, and Jackson ordered her to climb into the backseat with Shanks. Patrick tried to take the gun away from Shanks, but Shanks fought her off and then hit Patrick in the head with the gun. The women looked through Patrick's purse and found her money and credit cards. Patrick tried to take the gun from Shanks a second time but failed again. During the struggle Shanks strangled and hit Patrick until Patrick was badly bruised and bleeding profusely from the head. Shanks took Patrick's jewelry. After driving around until after it was dark, the women let Patrick out and sped off in her car.

After the police recovered Patrick's vehicle, she noticed that her

---

[1] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).

cell phone was missing. Lead investigator Detective Mark Potter subpoenaed Patrick's cell phone records and, after investigating the calls made after it was stolen, went to an apartment complex in Atlanta. He saw a woman standing outside the complex who fit Patrick's description of the woman with the gun. The woman, Shanks, agreed to go to police headquarters, where she was photographed and then identified by Patrick in a photographic lineup. After the police arrested Shanks, she gave a confession implicating Jackson, who was Shanks' roommate at the time of the crime.

During the investigation of the crime, Potter interviewed Jackson's boyfriend, Griffin, while he was in police custody on an unrelated charge, and Griffin's statement was recorded in Potter's handwriting. The state asked that Potter be allowed to testify to Griffin's statements under the necessity exception to the hearsay rule because Griffin was hiding from the police and was unavailable. The trial court allowed Potter's testimony over the objection of the defense. Potter read the statement to the jury:

> On 7/16/2000, at around 10:00 o'clock in the morning, [Jackson] called me at home and we spoke for a short while. When I was on the phone with her, she told me that I could have the cell phone she was using because she didn't like it. At around 5:00 p.m. I went to [Jackson's] house . . . she wasn't there, but her roommate, [Shanks], was. I asked [Shanks] where [Jackson's] cell phone was and she said she took it with her. I saw a cell phone on a table and said, whose is that. [Shanks] said, mine. I said, well, [Jackson] said I could have it. And then [Shanks] said, oh, and went to [Jackson's] bedroom and got another phone. [Jackson] had never had a phone before the 16th.

Jackson argued to the trial court, and now on appeal, that a tape recording made by Detective Potter of his interview with Griffin showed that Griffin stated that he retrieved the cell phone from Shanks' bedroom, and not Jackson's bedroom. The trial court nevertheless allowed the hearsay testimony, but ruled that the relevant portion of the tape could be played for the jury. The tape was played, and Detective Potter confirmed on cross-examination that during the taped interview Griffin twice said that he retrieved the phone from Shanks' bedroom. Detective Potter's explanation was that Griffin had told him before the taped interview that he had retrieved the phone from Jackson's bedroom.

There are three prerequisites for admission of hearsay because of necessity: (1) death or unavailability of the declarant, (2) particularized guarantees of trustworthiness, and (3) the evidence must be

relevant to a material fact and more probative on that material fact than other evidence that may be procured or offered.[2] The trial court's determination of whether proffered hearsay is sufficiently trustworthy to be admitted under the necessity exception to the hearsay rule is evaluated on appeal under an abuse of discretion standard.[3]

Defense counsel objected to the Griffin statement on the grounds that it lacked the required guarantees of trustworthiness.

> In determining whether there are sufficient indicia of reliability the trial court must examine the totality of the circumstances surrounding the making of the statements sought to be introduced. The test is whether the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility.[4]

Although we may have decided differently, we conclude that the trial court acted within the range of its allowable discretion in admitting Griffin's hearsay statement to Detective Potter. As our Supreme Court noted in *Thomas v. State*,[5] the determination of matters such as trustworthiness is inescapably subjective. Furthermore, the trial court found Griffin's hearsay statement (1) was made during the course of an official investigation,[6] (2) had not been recanted by the witness,[7] and (3) was corroborated by Shanks' testimony,[8] and (4) that there was no motive for Griffin to provide a false statement.[9] These findings are consistent with indicia of trustworthiness previously relied on by Georgia courts in evaluating a hearsay statement.[10]

*Fenimore v. State*,[11] upon which Jackson primarily relies, does not require a different result. Fenimore, the owner of an adult entertainment establishment, was charged with financial transaction card fraud by adding to and falsifying sales to Ferguson, a customer.[12] We found the trial court erred in allowing evidence of a hearsay statement made by Ferguson to law enforcement authorities in

---

[2] See *Holmes v. State*, 271 Ga. 138-139 (2) (516 SE2d 61) (1999).

[3] *Gissendaner v. State*, 272 Ga. 704, 710-711 (6) (532 SE2d 677) (2000).

[4] (Punctuation and footnotes omitted.) *Chapel v. State*, 270 Ga. 151, 155 (4) (510 SE2d 802) (1998).

[5] 274 Ga. 156, 162 (8) (549 SE2d 359) (2001).

[6] See *Johnson v. State*, 273 Ga. 345, 347-348 (5) (541 SE2d 357) (2001).

[7] See *Quijano v. State*, 271 Ga. 181, 185-186 (516 SE2d 81) (1999).

[8] See *Abraha v. State*, 271 Ga. 309, 313 (2) (518 SE2d 894) (1999).

[9] See *Hayes v. State*, 268 Ga. 809, 811-812 (3) (493 SE2d 169) (1997).

[10] See notes 6-9, supra.

[11] 218 Ga. App. 735 (463 SE2d 55) (1995).

[12] Id.

the course of their investigation because Ferguson's statement that he did not authorize the credit card charges was self-serving.[13] We also noted contradictions in Ferguson's previous statements to authorities.[14] Here, however, we do not see that Griffin had a substantial self-interest in the particular matter of relevance here, which is whether he retrieved the victim's cell phone from Shanks' bedroom or Jackson's bedroom. The inconsistencies between Griffin's hearsay statement and his taped statement were disclosed to the jury.

We find that the trial court did not err in admitting Griffin's hearsay statement into evidence.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 14, 2002.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Candace K. Slezak, Assistant District Attorneys*, for appellee.